SLAUGHTER *v.* BARRETT.

5-3627                                                    395 S. W. 2d 552

Opinion delivered November 15, 1965.

*Bob Scott,* for appellant.

No brief filed for Appellee.

GEORGE ROSE SMITH, J.  The appellant and the appellee were involved in a traffic collision on College Avenue in Fayetteville.  Slaughter, alleging that the damage to his car amounted to $157.33, brought this action for double damages and an attorney's fee under Act 283 of 1957.  Ark. Stat. Ann. § 75-918 (Repl. 1957).  The trial court directed a verdict for the defendant on the ground that the plaintiff's proof failed to show the difference in the value of his car before and after the collision, that being the correct measure of damages.  Whether the court was right in directing a verdict is the only issue before us.

In the collision Slaughter's car was struck from the rear while he was waiting for a traffic light to change. He testified that the frame was bent, that a new rear bumper had to be installed, and that two panels were damaged.  Without objection a repair order was introduced in evidence, the total cost of the repairs being $157.33.  Slaughter testified that that amount had been paid by him and his insurance carrier to the garage that repaired the car.

We have frequently held that the difference in the market value of a vehicle before and after an accident

may be established by proof of the amount paid in good faith for repairs made necessary by the collision. *Southern Bus Co.* v. *Simpson*, 214 Ark. 323, 215 S. W. 2d 699 (1948); *Golenternek* v. *Kurth*, 213 Ark. 643, 212 S. W. 2d 14, 3 A. L. R. 2d 593 (1948); *Payne* v. *Mosley*, 204 Ark. 510, 162 S. W. 2d 889 (1942). "The effect of our holdings . . . is that proof of repairs is sufficient if, when considered with the other evidence adduced, it is shown to fairly represent the difference in market value before and after the injury." *Watson* v. *White*, 217 Ark. 853, 233 S. W. 2d 544 (1950).

In the case at bar Slaughter, who is himself an automobile mechanic, described the specific replacements and repair work that were necessitated by the collision. The repair bill reflects the labor and materials that went into the job. Under the rule approved by our cases Slaughter's testimony and the repair bill itself were sufficient to justify the trial court in submitting the question of damages to the jury. Needless to say, the defendant was at liberty to go forward with rebutting proof if he thought that the cost of the repairs exceeded the difference in market value. We hold, however, that the plaintiff's evidence made a *prima facie* case for the jury.

Reversed.