St. Paul Fire & Marine Insurance Co. *v.* Gray

5-3733                                                               398 S. W. 2d 506

Opinion delivered January 17, 1966

[Rehearing denied February 21, 1966.]

*Wright, Lindsey & Jennings,* for appellant.

*Hall, Purcell & Boswell,* for appellee.

Paul Ward, Justice. This litigation has to do with the liability of an insurance company for damage to a diesel tractor caused by fire.

Appellee, Charles C. Gray, sent his tractor to the Arkansas Diesel Service Company to be repaired and while in a building for that purpose a fire occurred, causing the alleged damage. It is agreed that the St. Paul Fire & Marine Insurance Company (appellant) is liable for the amount of damage which is finally adjudicated to be due appellee.

A jury trial resulted in a verdict in favor of appellee for $2,575.85, from which appellant prosecutes this appeal, assigning seven separate points for a reversal.

1. In appellant's answer it admitted owing appellee $190.88 for damage to the tractor, and now contends that is the only amount supported by the evidence. This contention by appellant is based on the assertion that appellee did not offer in evidence the policy provisions relied on to "establish the amount of his loss." There is no merit in this contention because appellant, in its answer, admitted issuing the insurance policy covering the tractor and admitted the tractor was damaged while the policy was in effect. Therefore, if there was any provision in the policy which limited the amount of coverage it was the duty of appellant to plead it affirmatively. *Stucker* v. *Hartford Accident and Indemnity Company,* 220 Ark. 475, 248 S. W. 2d 383 and *Bankers Insurance Company* v. *Hemby,* 217 Ark. 749, 233 S. W. 2d 637.

2. It is argued by appellant "the burden of proving the policy provisions covering the manner of determination of the extent of the damages" is on appellee. This argument is refuted by what we have already pointed out above. Moreover, the jury arrived at the amount of damages based on the testimony permitted under instructions which we find (hereafter) to be correct.

3. It is here contended the trial court erred in permitting Elmer Berry to testify relative to estimated cost of repairing the tank, and the cost of new tires and repainting. We find no error. All this kind of testimony, along with other testimony, was admissible for the jury

to consider, under proper instructions, in arriving at the amount of damages due appellee. See: *Home Insurance Company of New York* v. *Williams,* 201 Ark. 460, 145 S. W. 2d 743.

4. It was not error for the court to give appellee's requested instruction No. 1 (as modified). The issue here raised is the same as the one mentioned and decided under point "1" above.

5. Appellant objects to the giving of appellee's instruction No. 5 on the ground that it allowed the jury to "determine the difference in the fair market value of the plaintiff's vehicle immediately before the fire and the fair market value of plaintiff's vehicle immediately after the fire." This kind of instruction was approved in the *Williams* case, *supra,* and *Slaughter* v. *Barrett* (decided *November* 15, 1965), 239 Ark. 957, 395 S. W. 2d 552, and cases therein cited.

6. The trial court refused to give appellant's requested instruction No. 1A, and this is alleged by appellant to be error. We do not agree. The requested instruction reads as follows:

> "You are instructed to return a verdict for the plaintiff in such amount as you find from a preponderance of the evidence represents what it would have cost on July 25, 1964, to repair or replace such parts of the vehicle as were damaged by fire with others of like kind and quality, with deduction for depreciation."

The proposed instruction is too restricted in that it limits recovery to the cost of repairs. This would be contrary to our holding in the *Slaughter* case, *supra,* where we approved the following statement:

> "The effect of our holdings . . . is that proof of repairs is sufficient if, when considered with the

other evidence adduced, it is shown to fairly represent the difference in market value before and after the injury."

7. The trial court refused to instruct the jury it could not "consider loss of or damage to the transmission of the vehicle," and appellant says this constituted reversible error. Again, we are unable to agree with appellant. It is true that the testimony is conflicting and somewhat confusing as to what happened to the truck's transmission. It does appear that the transmission was removed from the tractor before the fire, but it is not clear from the abstracted record what final disposition was made of it. The president of the Arkansas Diesel Service Company said it was worth only ninety cents. Appellee's testimony was to the effect that the old transmission was not worthless, that he never got it back, and that he got another transmission which was damaged by the fire. Under the circumstances and the state of the record we think the trial court was correct in permitting the jury to consider this testimony for what it is worth and weigh it along with all the other testimony.

In view of all we have heretofore said the judgment of the trial court must be, and it is hereby, affirmed.

COBB, J., not participating.

GEORGE ROSE SMITH, J., on petition for rehearing, voted to reverse the judgment.