PER CURIAM.
This appeal is by the plaintiff below from an adverse judgment entered on trial without a jury, in an action by an insurer sub-rogee following payment by it of a loss on an insured boat, for which loss it was claimed the defendant was liable.
The record discloses the owner of the boat delivered it to the defendant-appellee Skyway Marine, Inc. for certain engine repairs and servicing to be performed thereon by the latter. While so bailed the boat was stolen. When recovered it was found to have been damaged. The boat was then examined by a marine surveyor who determined the necessary repairs would involve a cost of $2,356.02, which figure appears to have been accepted by the owner and the defendant as reflecting the repair expense. The owner’s insurer paid said amount to the insured, and thereupon brought this action against Skyway Marine, Inc.
At trial the plaintiff presented evidence of such cost of repair, and presented testimony of the marine surveyor that the value of the boat before the damage was five or six thousand dollars. No evidence was presented as to the value of the boat after or with the benefit of the said repairs. The failure to present evidence of such value constituted an absence of proof for which the judgment must be affirmed.
In Airtech Service, Inc. v. MacDonald Construction Co., Fla.App.1963, 150 So.2d 465, 466, this court dealt with the question of whether the measure of damages in such a case is the difference between the value of the property before the damage and the value thereof after the damage, or whether the damages can be established by showing the cost of repair. With reference thereto the court, adopting as applicable the law as stated in Restatement of the Law, said:
“The rule of damages applicable to the case at bar is succinctly stated in Restatement, Torts, § 928 (1939) as follows:
‘Where a person is entitled to a judgment for harm to chattels not amounting to a total destruction in value, the damages include compensation for
‘(a) the difference between the value of the chattel before the harm and the value after the harm or, at the plaintiffs election, the reasonable cost of repair or restoration where feasible, with due allowance for any difference between the original value and the value after repairs, and
‘(b) the loss of use.’ ”
It will be observed from the foregoing quotation from the Airtech Service case that where the cost of repairs is used as an alternative method of establishing damages it is considered necessary also to submit both the value before the damage and of the value thereof after repair, in order that due allowance may be made for “any difference between the original value and the value after repairs.”
Here there was some evidence of the value before the damage to the boat, if the testimony stating five or six thousand dollars can be considered evidence establishing a value prior to damage, but no evidence of the value after repairs. Whereupon, on authority of Airtech Service, Inc., supra, the judgment is affirmed.