370 So.2d 33 (1979)
JUVENILE DIABETES RESEARCH FOUNDATION, Appellant,
v.
Dr. Steven RIEVMAN, Vivi DeArmas, and Marietta Tye, Appellees.
No. 77-2436.
District Court of Appeal of Florida, Third District.
April 3, 1979.
Rehearing Denied May 16, 1979.
*34 Martin D. Kahn, North Miami, Susan Goldman, Miami, for appellant.
Horton, Perse & Ginsberg and Arnold R. Ginsberg, Miami, Rash & Katzen, South Miami, for appellees.
Before PEARSON, HUBBART and SCHWARTZ, JJ.
HUBBART, Judge.
The central issue raised by this appeal is whether in an action for breach of an employment contract [brought by an employee for an alleged wrongful discharge prior to completion of the contract] the defendant employer [if he chooses to raise the issue] must plead as an affirmative defense under Fla.R.Civ.P. 1.110(d) and prove at trial as a set-off on damages what the plaintiff employee actually earned, or could have earned through the use of due diligence at other employment of like nature, to mitigate the employee's damages for the remainder of the term of employment under the contract. Based on the authority and reasoning which follow, we hold that the defendant employer has the burden: (1) to plead the above as an affirmative defense in the nature of a set-off on damages, and (2) to prove at trial such defense by the greater weight of the evidence. Accordingly, we reject the defendant employer's contentions on this appeal, including others unrelated to this issue, and affirm.

A
The facts of this case are as follows. Sometime in February 1975, one of the plaintiffs herein Dr. Steven Rievman sent a letter to the defendant Robert Kronowitt as executive director of the defendant Juvenile Diabetes Research Foundation suggesting the development of an educational or counseling facility for diabetics in Broward County, Florida. The plaintiff Rievman thereafter met with the defendant Kronowitt on several occasions in which plans were formulated for a Diabetes Life Center. *35 The defendant Foundation agreed to establish such a center and to hire the plaintiff Dr. Rievman as Director and the plaintiffs Vivi DeArmas and Marietta Tye as employees at the center. Salary terms and conditions of employment as to each plaintiff were also agreed upon. Thereafter, some six months went by during which the defendant Foundation experienced delays in obtaining the necessary funding to open the diabetes center. The starting date on the opening of the center and the plaintiffs' consequent employment were set back on several occasions.
Finally, on February 15, 1976, the defendant Kronowitt notified the plaintiff Rievman by telephone that the center would open and the plaintiffs could begin work the next day. There was testimony that during this telephone conversation other employment terms were agreed upon which among others was a condition that the plaintiffs' employment at the center be for one year. The next day The Diabetes Life Center opened as planned and the plaintiffs commenced work. The plaintiffs worked at the center and received payment from the defendant Foundation for their work as agreed upon through May 1976 when the center was closed and the plaintiffs discharged. Under the balance of the unexpired employment contract subsequent to such discharge, each of the plaintiffs were entitled to an ascertained amount of money in salary; no unpaid balance was due on any of the plaintiffs' salary, however, for services rendered prior to the discharge.
There is evidence that the following month in June the plaintiffs formed a corporation called The Diabetes Life Center, Inc. which did work similar to that of the defunct center and for which donations were obtained. It is not clear, however whether the plaintiffs were employed by the new corporation, and, if so, at what salary or for what length of time.
On September 28, 1976, the plaintiffs filed an action in the Circuit Court for the Eleventh Judicial Circuit of Florida for breach of contract against the defendant Foundation, which was later amended to include the defendant Kronowitt. The defendants filed an answer denying the claim and asserting as their sole affirmative defense the statute of frauds; mitigation of damages was never pled by the defendants as an affirmative defense. The defendant Foundation filed a motion for summary judgment on the ground that the oral contract herein was unenforceable under the statute of frauds, which motion was denied.
The cause came on for a non-jury trial in which the facts as previously detailed were established. The defendants moved for an involuntary dismissal at the close of all the evidence and urged that the plaintiffs had failed to establish that they had properly mitigated their damages as required by law. The trial court impliedly denied the motion by entering a final judgment in favor of the plaintiffs and against the defendant Foundation in the amount of the salaries the plaintiffs would have earned on the unexpired term of their employment contract; the claim against the defendant Kronowitt was dismissed. A petition for rehearing was subsequently denied; the defendant Foundation appeals.

B
The law is clear that the purpose of an award of damages in a breach of contract action is to place the injured party in the same financial position as he would have occupied if the contract has been fully performed. Hodges v. A.P. Fries & Co., 34 Fla. 63, 69, 15 So. 682, 684 (1894); Popwell v. Abel, 226 So.2d 418, 422 (Fla.4th DCA 1969); First National Insurance Agency, Inc. v. Leesburg Transfer & Storage, Inc., 139 So.2d 476, 482 (Fla.2d DCA 1962). It is, therefore, the established law of this state that in an action for breach of an employment contract [brought by an employee for an alleged wrongful discharge prior to completion of the contract] the prima facie measure of damages is the contract price of salary or wages for the unexpired term of the contract together with any unpaid balance due under the contract for services rendered before the wrongful discharge. Hazen v. Cobb, 96 Fla. 151, 117 So. 853 *36 (1928); 2 Fla.Jur.2d "Agency and Employment" § 134, p. 315 (1977). The plaintiff employee has the burden of proof at trial in such action to establish his damages as thus measured by the greater weight of the evidence. McCormick on Damages § 159 (1935).
These prima facie damages, however, are subject to reduction upon proof of an amount which the employee actually earned, or could have earned through the use of due diligence in other employment of like nature, for the remainder of his term of employment under the contract. Southern Keswick, Inc. v. Whetherholt, 293 So.2d 109 (Fla.2d DCA 1974). In this connection, it is often said that the plaintiff employee has a duty to mitigate his damages by reasonably seeking other employment of like nature subsequent to the breach of contract; the penalty for failing to comply with that duty is a reduction in his recoverable damages in the amount he could have earned had he complied with such duty. Punkar v. King Plastic Corp., 290 So.2d 505, 508 (Fla.2d DCA 1974). By the overwhelming weight of authority in this country, the defendant employer has the burden of proof at trial to establish the above reduction in mitigation of damages as thus measured by the greater weight of the evidence. 11 Williston on Contracts § 1360 (3d ed. Jaeger 1968) and cases collected; 5 Corbin on Contracts § 1039, p. 251 (1964) and cases collected; McCormick on Damages 627-628 (1935) and cases collected; 3 Sutherland on Damages § 693, p. 2560 (1916) and cases collected; Annot., 17 A.L.R.2d 968, 978-982 (1951) and cases collected; Annot., 134 A.L.R. 242, 243-254 (1941) and cases collected; Ballard v. El Dorado Tire Co., 512 F.2d 901 (5th Cir.1975) (applying Florida law).[1]
In our view, this result rests on sound ground because the failure to mitigate damages, or, indeed, the successful effort to do so, does not defeat the plaintiffs' right to recovery, but only reduces the amount of his recoverable damages. As such, it does not make sense to place the burden of proof on such issue on the plaintiff employee for if he had such a burden, the failure of proof thereon would necessarily require a dismissal of the plaintiff's claim at trial  a result which our law does not permit. It is, therefore, clear that the mitigation of damages issue is more properly considered a defensive matter in the nature of a set-off on damages which must be specifically pled by the defendant employer as an affirmative defense under Fla.R.Civ.P. 1.110(d) and proved at trial by the greater weight of the evidence. Annot., 44 A.L.R.3d 629, 639 (1972).

C
In the instant case, the plaintiffs clearly established a prima facie case of damages for breach of a contract herein by proving what the contract price of salary was for each plaintiff on the unexpired term of the contract subsequent to the wrongful discharge. It was thereafter incumbent upon the defendant Foundation to prove, if it could, as a set-off on damages what the plaintiffs actually earned, or could have earned through the use of due diligence from other employment of like nature, for the remainder of the term of employment under the contract. Absent such proof, the plaintiffs were entitled to judgment on the prima facie measure of damages as thus established.
Our review of the record reveals that the defendant Foundation never pled mitigation of damages as an affirmative defense nor proved such defense at trial by the greater weight of the evidence. There is evidence, which the defendant Foundation established on cross-examination, that the plaintiffs subsequent to their discharge formed another corporation which apparently did work similar to that of the defendant *37 Foundation. All agree, however, that beyond that there is a complete failure of proof on the mitigation issue. There is no evidence as to whether the plaintiffs were employed by the new corporation, and, if so, for what length of time and at what salary. There is also no evidence that the plaintiffs failed to perform their duty to mitigate damages by seeking other employment of like nature.
The defendant Foundation contends, however, that it was entitled to an involuntary dismissal of the plaintiffs' action because of the above failure of proof on mitigation of damages. We cannot agree. Under the existing law, such a failure of proof could never defeat the plaintiffs' claim. On the contrary, it was the burden of the defendant Foundation to plead and prove mitigation of damages as a set-off which it failed to do. As the plaintiffs clearly established a prima facie case of damages for breach of the contract herein and the defendant Foundation presented insufficient evidence to reduce the damages award, it is our view that the trial court was eminently correct in entering the final judgment from which this appeal is taken.

D
We have examined the other contentions raised by the defendant Foundation on this appeal and find them to be without merit. Federated Department Stores, Inc. v. Planes, 305 So.2d 248 (Fla.3d DCA 1974); Dade National Bank of Miami v. Kay, 131 So.2d 24 (Fla.3d DCA 1961). In particular, we find that there was sufficient evidence upon which the trial court could have concluded that all the terms of the one year oral contract of employment with the plaintiffs were not reached until one day prior to the beginning of performance under the contract. As such the oral contract of employment was clearly not barred by the statute of frauds. 3 Williston on Contracts § 502 (3d ed. Jaeger 1960); 2 Corbin on Contracts 556-558 (1950). The final judgment appealed from is, accordingly, affirmed.
Affirmed.
NOTES
[1] Rubin v. Shapiro, 198 So.2d 854 (Fla.3d DCA 1967), does not reach a contrary result. In our view, this case is confined solely to suits by public employees for re-instatement and back pay. It is not concerned, as here, with a suit by an employee for breach of an employment contract and therefore any rules announced therein can have no application to the measure of damages and burden of proof in this action.