379 So.2d 685 (1980)
Reinaldo Manuel ALONSO and Industrial Fire & Casualty Insurance Company, Appellants,
v.
Jose Elpidio Rodriguez FERNANDEZ, Mirtha Rodriguez, Appellees.
Jose Elpidio Rodriguez FERNANDEZ and Mirtha Rodriguez, Appellants,
v.
Reinaldo Manuel ALONSO and Industrial Fire & Casualty Insurance Company, Appellees.
Nos. 78-1506, 78-1671, 78-2061, 79-87, 78-2081 and 79-60.
District Court of Appeal of Florida, Third District.
February 5, 1980.
*686 Goodhart & Rosner, Miami, Broad & Cassel and Patricia Lebow, Bay Harbor Islands, for Alonso and Industrial Fire.
Stabinski, Funt, Levine & Vega and Regina Zelonker, Miami, for Fernandez and Rodriguez.
Before PEARSON, HUBBART and SCHWARTZ, JJ.
HUBBART, Judge.
This is a negligence action arising from a motor vehicle accident in which damages were sought for personal injuries and harm to personal property. The jury at the trial returned a verdict for the plaintiffs finding certain compensable property damages and PIP benefits, but denied any recovery for any other personal injuries based on a failure to meet the no-fault threshold. The defendants appeal and the plaintiffs cross-appeal.
The central issues presented for review center around the measure of damages in a negligence action for harm to personal property not amounting to a total destruction. For reasons which follow, we reverse and remand for a new trial on the main appeal. We further note that the plaintiffs have abandoned their cross-appeal upon oral argument in this cause, and, accordingly, we affirm on the cross-appeal.

I
The facts of this case are as follows. The plaintiff Jose Fernandez and his wife brought a negligence action arising out of a motor vehicle accident against the defendant Reinaldo Alonso and his insurer Industrial Fire and Casualty Company. The complaint sought damages for personal injuries and physical harm to the plaintiff's truck not amounting to a total destruction. The defendants by their answer filed a general denial. At trial, however, the defendants admitted responsibility for the accident, but denied that the plaintiffs had suffered any compensable damages. The cause was, accordingly, tried by the jury on the issue of damages only.
It was established at trial that on January 10, 1977, the plaintiff Fernandez was driving a lunch truck which he owned in his business. Present in the lunch truck as passengers were his wife and a female employee. The defendant Alonso was driving an automobile on the same day insured by the defendant Industrial Fire when he negligently struck the front of the plaintiff's lunch truck causing personal injuries to the plaintiffs and property damage to the lunch truck.
The evidence as to the extent of property damage to the lunch truck was as follows. The police officer investigating the accident testified that there was heavy damage to the front of the lunch truck at the scene of *687 the accident. Photographs depicting this damage were introduced in evidence. The plaintiff Fernandez testified that his lunch truck required repair which cost him $2,342, that he rented a replacement lunch truck during the period of repairs at a cost of $210, and that the storage charges on the lunch truck while it was being repaired cost him $600. No evidence was ever presented as to the market value of the lunch truck before the accident, after the accident or after the repairs.
At the close of all the evidence at trial, the defendants moved for a directed verdict on the property damage claim on the ground that the plaintiff had failed to establish any evidence of compensable property damage in this case. The trial court denied the motion. Over the objection of the defendants, the trial court gave the following instruction to the jury [Fla.Stand. Jury Instr. (Civ.) 6.2(h)] on the measure of property damages in this cause:
"And, further, on the claim only of Mr. Fernandez-Rodriguez any damage to his vehicle. The measure of such damage is the difference between the value of the property immediately before the incident complained of and the value immediately thereafter. You shall also take into consideration any loss he sustained by being deprived of the use of his vehicle during the period required for its repair."
The jury was also instructed on the no-fault personal injury threshold on the personal injury claims. The jury returned a verdict for the plaintiffs of $376.83 and $767.50 in PIP benefits, $2,180 on the property damage claim and no damages on the personal injury claims. A final judgment and an amended final judgment together with a judgment for costs were entered on this verdict. This appeal follows.

II
The first issue presented for review is whether a directed verdict should have been given to the defendants at trial on the property damage claim. It is urged by the defendants that a directed verdict in their favor was required on this claim for failure of the plaintiff to present any evidence on the market value of the lunch truck before and after the accident or before the accident and after repairs. We cannot agree.

A
The law is clear that "`[w]here a person is entitled to a judgment for harm to chattels not amounting to a total destruction in value, the damages include compensation for (a) the difference between the value of the chattel before the harm and the value after the harm, or, at the plaintiff's election, the reasonable cost of repair or restoration where feasible, with due allowance for any difference between the original value and the value after repairs, and "(b) the loss of use."'" Airtech Service, Inc. v. MacDonald Construction Co., 150 So.2d 465, 466 (Fla.3d DCA 1963); see also McMinis v. Phillips, 351 So.2d 1141 (Fla. 1st DCA 1977). This rule is applicable in a tort action involving a damaged motor vehicle so as to include, as a separate claim, loss of use damages amounting to the reasonable rental value of a substitute vehicle during the time the plaintiff's vehicle is being repaired; this result is not changed by the fact that the vehicle is a pleasure automobile and no replacement vehicle is actually obtained during the period of repairs. Meakin v. Dreier, 209 So.2d 252 (Fla.2d DCA 1968).

B
In the instant case, the defendants were not entitled to a directed verdict of no damages on the plaintiff's property damage claim. It is true, as urged by the defendants, that the plaintiff proved no compensable damages as to a market value or repair expense loss on the damaged lunch truck. Contrary to established law, no evidence was ever presented as to the market value of the lunch truck before and after the accident or before the accident and after the repairs. Ordinarily, this failure of proof would entitle the defendants to a directed verdict on the entire property damage claim. Travelers Indemnity Co. v. Skyway Marine, Inc., 251 So.2d 327 (Fla.3d *688 DCA 1971).[1] The plaintiff did, however, prove up loss of use damages in the amount of $210 which was the actual expense of a replacement vehicle obtained by the plaintiff during the time his lunch truck was being repaired. As such, a directed verdict on the entire property damage claim did not lie because the plaintiff was entitled to go to the jury on the loss of use damages alone.
We recognize that the defendants were entitled to have the evidence as to the repair bill and storage costs stricken in this cause and jury instructed to disregard such evidence because, as explained above, the plaintiffs failed to establish a compensable claim for reasonable cost of repair damages. See Wilson v. Bailey-Lewis-Williams, Inc., 194 So.2d 293, 295 (Fla.3d DCA 1967). No such motion, however, was ever made by the defendants in this case and no error as to that issue is urged on this appeal.

III
The second issue presented for review is whether the trial court's instruction to the jury on the measure of property damages in this cause was erroneous. The trial court instructed the jury herein that the measure of property damages was the difference in the market value of the lunch truck before and after the accident. There is absolutely no evidence in this record as to the market value of this lunch truck before and after the accident and, accordingly, such an instruction did not lie. Although the trial court also correctly charged the jury on loss of use damages, we believe the jury was clearly misled by the charge as a whole in view of the fact that an inflated verdict of $2,180 was returned which was greatly in excess of the $210 loss of use damages proved up in this case. As such, it was reversible error for the trial court to give the above erroneous jury instruction on the measure of damages. "An error in [a jury] charge as to the measure of damages for injuries alleged [in a tort action], which reasonably may have influenced rendition of a verdict for a larger amount than otherwise would have been determined upon, requires a new trial." Atlantic Coast Line Railroad v. Saffold, 130 Fla. 598, 178 So. 288 (1938) (court syllabus paragraph 6); see also Bashaw v. Dyke, 122 So.2d 507 (Fla.1st DCA 1960); Bessett v. Hackett, 66 So.2d 694 (Fla. 1953); § 59.041, Fla. Stat. (1977).[2]

*689 IV
Those portions of the final judgment and amended final judgment awarding the plaintiff $2,180 in property damages as well as the final judgment taxing costs against the defendant are reversed and the cause is remanded to the trial court with directions to order a new trial on property damages only. In all other respects, the final judgment and amended final judgment are affirmed.
Affirmed in part; reversed and remanded in part.
SCHWARTZ, Judge (dissenting).
To me, the result reached by the court in this case represents a minor, but unfortunate and not unusual, example of the triumph of the perceived technical demands of the law over common sense as expressed by the jury system. In a routine traffic accident, Fernandez's lunch truck was damaged by the admitted negligence of the defendants. He testified it cost him $2,342 to repair the truck, and that he spent an additional $810 in storage and rental charges; the defendants introduced no contrary testimony on these issues. The jury awarded Fernandez the eminently reasonable sum of $2,180 for the damage to the truck. Like the trial judge, I see no reason for disturbing this result.
The majority holds that the verdict could not properly include the costs of repair because Fernandez did not testify as to the "market value" of his truck before the accident, after the accident and after the repairs. It is true that Travelers Indemnity Co. v. Skyway Marine, Inc., 251 So.2d 327 (Fla.3d DCA 1971), a case involving damage to a boat, states, citing no authority for the proposition, that such testimony is affirmatively required to support such a claim. But the only reason that the before-and-after market value of the property is even pertinent in a repair case is to preclude the plaintiff from reaping a windfall from the possibility that the repairs have enhanced the value of his property beyond what it was before the accident. I would therefore not apply the Skyway Marine rule in a motor vehicle case,[1] simply because it is a matter of ordinary experience that repaired automobiles are just not worth as much as they were before they were damaged. Thus, it was not necessary for Fernandez to have told the jurors that this fact, which they already knew, applied to his lunch truck.[2] If the very unusual occurs and the repairs have in fact enhanced the value of the property, it should be the burden of the defendant-wrongdoer to show that this is the case. See Boston Fish Market Corp. v. Universal Ins. Co., 388 F.2d 773 (1st Cir.1968). The holding that, instead, the plaintiff must negatively demonstrate that such a windfall has not taken place is contrary to the principles ordinarily applicable to the mitigation or reduction of damages, e.g., Juvenile Diabetes Research Foundation v. Rievman, 370 So.2d 33 (Fla.3d DCA 1979). It is ironic, indeed, that an exception should exist only in the situation to which the *690 general rule most plainly should be applied. In sum, when a person makes the common and every-day decision to repair his car after it has been damaged in an accident, he ought to be able to claim the reasonable amount of those repairs, unless the defendant can show something to the contrary. That is what the jury obviously thought, and I think it was right.
The court also points out, however, that the instructions on the property damage issue did not contain a reference to the cost of repair.[3] This is quite true. But it is also quite irrelevant.[4] The jury has returned a reasonable verdict, based upon evidence which it was entitled to consider, for damage which it could itself assess from the photographs and which was admittedly caused by the appellants' negligence. It certainly does not, in the words of the harmless error statute, Sec. 59.041 Fla. Stat. (1977), "appear that the error complained of has resulted in a miscarriage of justice." In fact, it clearly appears that justice has been done. We should affirm.
NOTES
[1] We are unpersuaded by the argument of the dissent that the holding of the Skyway Marine case, supra, although applicable to boats and all other chattels, should not be applicable to motor vehicles. We see no basis in ordinary experience for making such an artificial exception. Repaired motor vehicles, on the contrary, are often worth more than they were before an accident especially where the vehicle involved is relatively old and extensive repairs are made in which old engine and other mechanical parts are replaced by corresponding new parts. The same is true of repaired airplanes, boats and other such chattels. As such, it is both proper and fair that the plaintiff herein, in accord with the general law on damages, should bear the burden of proving the full measure of his property damages rather than resting entirely on a repair bill. McCormick on Damages, § 14 (1935). We have further examined Juvenile Diabetes Research Foundation v. Rievman, 370 So.2d 33 (Fla.3d DCA 1979), find it inapplicable to this case, and decline to overrule the Skyway Marine case as it is in accord with prevailing law.
[2] We reject the dissent's contention that the failure of the trial court to give a reasonable cost of repair instruction is irrelevant to the cause as the jury, in any event, returned a reasonable cost of repair verdict. We are unaware of any authority which authorizes a jury in reaching a verdict to apply a measure of damages which is outside the trial court's instructions. Perhaps, as suggested, the jury may be permitted to transcend technical deficiencies in a trial court instruction, but, surely, they cannot be permitted to invent their own instruction. This is especially true in the instant case where such an instruction would have been entirely improper on this record because of the failure of the plaintiff to prove reasonable cost of repair damages. Travelers Indemnity Co. v. Skyway Marine, Inc., 251 So.2d 327 (Fla.3d DCA 1971); Airtech Service, Inc. v. MacDonald Construction Co., 150 So.2d 465, 466 (Fla.3d DCA 1963).

Nor do we agree that a new trial based on proper jury instructions will be a mere formality, complete with rote testimony by the plaintiff, which will yield the same result as the verdict herein. Presumably such rote testimony, if elicited, will be subject to rigorous cross-examination by the defendants and may very well, upon deliberation, be rejected by the jury. Moreover, given the proper instructions on the measure of damages, a new jury, unlike the jury herein, might very well take a different view of this case. At any rate, we reject the notion that the result we reach herein is somehow an outrage to common sense or a waste of judicial resources; it is an eminently reasonable result which is dictated by the applicable law.
[1] It may well be that the majority is right in suggesting in note 1 (which was inserted after the original version of this dissent), that there is no meaningful basis for distinguishing between boats and cars. If so, I would bite the bullet and, for the reasons which follow, simply overrule the Skyway Marine case as wrongly decided.
[2] Indeed, the effect of a reversal in this case is to require an entirely new trial, which will be identical to the first one, with the sole exception that Fernandez will answer two additional boiler plate questions to reveal that his lunch truck had less value after being repaired than before the defendants' vehicle negligently ran into it. As the owner of the vehicle, he was and is qualified so to testify. See Atlantic Coast Line R. Co. v. Sandlin, 75 Fla. 539, 78 So. 667 (1918). It seems unjustified to give the defendants another bite at the apple only because the plaintiff's lawyer did not ask him these questions the first time.
[3] This occurred because the standard jury instruction on the question, 6.2(h), does not include this measure of damages. An amendment to correct the deficiency is in the process of adoption.
[4] There are those who contend that the system would be better served if detailed instructions were dispensed with and juries were told simply to "go out and do right." While I do not subscribe to this view (and would probably be drummed out of the judges' club if it were even suggested that I did), I do believe that when a jury is able to overcome the handicap of the charges' legalese and to do right anyway, its verdict should be upheld.