409 So.2d 238 (1982)
Henry L. McHALE, Shirley Rhea McHale and Allstate Insurance Company, a Foreign Corporation, Appellants,
v.
FARM BUREAU MUTUAL INSURANCE COMPANY, a/s/o Keith C. Haugenbury, and Olga Vega Venegas, Appellees.
No. 81-959.
District Court of Appeal of Florida, Third District.
February 9, 1982.
Urich & Shenkman and Robert Urich, Miami, for appellants.
Fowler, White, Burnett, Hurley, Banick & Strickroot and Michael A. Mullen, Manuel A. Crespo, Miami, for appellees.
Before DANIEL S. PEARSON, FERGUSON and JORGENSON, JJ.
FERGUSON, Judge.
The issue in this appeal is whether it is necessary to present evidence of market value of a damaged vehicle before the damage and after repair in order to prove a compensable claim based on cost of repair theory. We hold that it is not and affirm the trial court.
Appellant Shirley McHale was involved in an automobile accident on March 20, 1979 when she struck an automobile driven by Olga Venegas while attempting to pass. The Venegas vehicle came to a stop after rear-ending a camper trailer owned by Keith Haugenbury. By an amended complaint *239 appellee Farm Bureau, as subrogated insurer of Haugenbury, brought suit against Venegas and McHale. Venegas filed a third-party complaint against McHale who counterclaimed against Venegas. A jury returned a verdict of $3,557.45 for Farm Bureau and $1,369.55 for Venegas, both against McHale. The appeal is taken from both awards.
At trial both Farm Bureau and Venegas elected to recover damages based on reasonable cost of repair. Appellants contend, relying on Alonso v. Fernandez, 379 So.2d 685 (Fla.3d DCA 1980), that they were entitled to a directed verdict with respect to each appellee because neither appellee presented evidence of market value of the damaged vehicle before and after repairs. The court in Alonso, supra, applied the principle of law from Traveler's Indemnity Company v. Skyway Marine, Inc., 251 So.2d 327 (Fla.3d DCA 1971), which we think was incorrectly decided. Traveler's Indemnity Co., supra, also held that where a plaintiff presented evidence as to value before the damage and the cost of repair but failed to present evidence of the value after repairs, he failed to establish a case for damages based on cost of repair. Traveler's Indemnity Co., supra, cites as sole authority, Airtech Service, Inc. v. MacDonald Construction Company, 150 So.2d 465 (Fla.3d DCA 1963), which is not a "cost-of-repair" case, but a "total destruction" case. The court in Airtech Service, Inc., supra, set forth the rule of damages as stated in Restatement of Torts, § 928 (1939) and went on to hold that where the plaintiff had elected not to repair, he was entitled to be compensated for the difference between the value of the aircraft before it was damaged and the value after damage, plus any incidental expenses caused by loss of its use.
Neither Airtech Service, Inc., supra, nor the Restatement Torts requires that a plaintiff seeking recovery for cost of repairs also prove affirmatively that the repair has not enhanced the value of the chattel. The last sentence in subparagraph (a) of Restatement of Torts, § 928 ("with due allowance for any difference between the original value and the value after repair") cited in both Airtech Service, Inc. and Traveler's Indemnity Co. has been the obvious source of the confusion. Such a requirement appears for the first time in Traveler's Indemnity Co., supra at page 328:
"... where the cost of repairs is used as an alternative method of establishing damages it is considered necessary also to submit both the value before the damage and of value thereof after repair, in order that due allowance may be made for `any difference between the original value and the value after repairs'." (emphasis added).
The clause under consideration had never previously been interpreted in this district, nor in any other district that we are aware of, as placing the burden upon plaintiff to negate enhancement of value as a condition to any recovery.
Compensation for repairs is an alternative method of proving damages which purpose is to restore the defendant to same position he was in prior to the injury. The phrase "due allowance for ... difference in value..." in application insures that the costs of repair will neither enhance nor diminish the value of the property. The proper interpretation of the Restatement of Torts Rule, quoted above, is that damages are not limited to the cost of repairs actually made where plaintiff shows that the repairs did not put the property in as good a condition as it was before the injury. In such cases, the cost of the repairs made plus the diminution in value will ordinarily be the proper measure of damages, with the burden on the plaintiff to prove in addition to the cost of repairs, that he suffered the additional damage of diminution of value by virtue of the vehicle having been involved in the accident. See, e.g., Traders & General Insurance Co. v. Robison, 289 So.2d 178, 185 (La. App. 1973) (applying La. law). If the defendant takes the position that the cost of repair has enhanced the value of the property, then it is the burden of defendant-wrongdoer, as noted by Judge Schwartz dissenting in Alonso v. Fernandez, supra at 689-90, to show that that is the case.
*240 Accordingly, other jurisdictions, interpreting the law which permits a plaintiff to prove damages to chattel by evidence of cost of repair, have held that when a plaintiff introduces evidence to show the reasonable and necessary costs of restoring the damaged property to its original condition, a prima facie case is made out by the plaintiff. The necessity of repairs is established by evidence that a collision caused by the defendant damaged the vehicle, and the reasonableness of the cost of repair is established, at least prima facie, by evidence of the cost of repair. The burden then shifts to the defendant to show that the repairs as made have increased the value of the property. Geddes & Smith, Inc. v. St. Paul Mercury Indemnity Co., 47 Cal. Rptr. 564, 407 P.2d 868 (Cal. 1965), en banc (when there is a complete lack of evidence tending to show a diminution in value of injured personalty, the court must not assume that the diminution in value was of lesser amount than the proved reasonable costs of necessary repairs); Rhodes v. Firestone Tire & Rubber Co., 51 Cal. App. 569, 197 P. 392 (1921) (when a plaintiff establishes repairs are necessary and cost reasonable, he establishes a prima facie case... the defendant having failed to make a showing as the reduction of damages, cannot now complain); Kiely v. Ragali, 93 Conn. 454, 106 A. 502 (1919) (evidence of costs of repairs of automobile is admissible proof of difference between value of automobile before the accident and after it occurred); Smith v. Champaign Urbana City Lines, Inc., 116 Ill. App.2d 289, 252 N.E.2d 381 (1969) (Illinois rule that paid automobile repair bill is admissible evidence without other foundation as prima facie evidence of necessity and reasonableness of repairs); Couture v. Marquis, 107 N.H. 47, 217 A.2d 175 (1966) (rejecting requirement of proof of value before and after accident as weight of authority holds cost of repair is competent evidence of damage and absent evidence that cost unreasonable, is sufficient to support verdict). In Slaughter v. Barrett, 239 Ark. 957, 395 S.W.2d 552 (1965), the court found that plaintiff's testimony and repair bill were sufficient to justify the trial court in submitting the question of damages to the jury. The court stated at 552, "We have frequently held that the difference in the market value of a vehicle before and after an accident may be established by proof of the amount paid in good faith for repairs made necessary by the collision". Accord St. Paul Fire & Marine Insurance Co. v. Gray, 240 Ark. 66, 398 S.W.2d 506 (Ark. 1966). The court in the Slaughter case, supra, stated that then the defendant was at liberty to go forward with proof that the cost of repairs exceeded the difference in market value. See, e.g., Pasadena State Bank v. Isaac, 149 Tex. 47, 228 S.W.2d 127 (1950) (burden on defendant to show enhancement). Accord McCullough-Baroid Petroleum Service NL Industries v. Sexton, 618 S.W.2d 119 (Tex. App. 1981). See also 15 Blashfield, Automobile Law and Practice § 480.18 (3d ed. 1969) (the plaintiff meets this burden and makes out a prima facie case... by showing making of repairs, fact that repairs were necessary by the accident, the cost thereof, and that cost was reasonable; defendant may then show, if he can, diminution in value of damaged vehicle was less than repair bill).
We hold in this case that the plaintiffs' vehicle repair bills and testimony that the repairs were limited to the damages caused by collision made a prima facie case to be submitted to the jury, and, therefore, it was not error to deny appellants' motion for directed verdict. To the extent that Alonso v. Fernandez, supra, and Traveler's Indemnity Co. v. Skyway Marine, Inc. are inconsistent we recede from those holdings.
Affirmed.