RYDER, Chief Judge.
Fred Curtis, Inc. (Curtis) was the general contractor for the construction of the Lincoln Gardens Office Complex, and Earl Benjamin & Company (Benjamin) was the roofing subcontractor. Curtis terminated Benjamin when Benjamin failed to diligently perform. The subcontract provided that any balance remaining after its completion was to be paid over to Benjamin.
Gulfside Supply, Inc. (Gulfside), a roofing supplier, obtained a judgment against Benjamin for sums due for roofing materials. A writ of garnishment was issued to Curtis seeking any monies that Curtis owed to Benjamin.
At trial, the parties stipulated that $20,-517.10 remained in Benjamin’s account after Curtis paid for completion of the roof and warranty repairs. The court found for Gulfside but allowed Curtis various set-offs against Gulfside’s recovery, including $6,440.00 for executive and clerical time expended due to Benjamin’s breach and $5,250.00 in attorney’s fees incurred by Curtis in the litigation with Gulfside. Final judgment was entered for Gulfside in the amount of $5,024.10, plus costs of $583.75. Gulfside appeals the trial court’s allowance of the set-offs for executive and clerical time and attorney’s fees, as well as the denial of its witness fee for an expert attorney witness. Curtis cross-appeals the court’s denial of a set-off for repairs performed after the warranty period.
We hold that the record contains substantial competent evidence to support the trial court’s allowance of the $6,440.00 set-off for executive and clerical time and its denial of a set-off for repairs performed after the warranty period, therefore, we affirm those findings. Strawgate v. Turner, 339 So.2d 1112 (Fla.1976); Hamilton v. Title Insurance Agency of Tampa, Inc., 338 So.2d 569 (Fla. 2d DCA 1976).
We reverse, however, the $5,250.00 set-off allowed Curtis for its attorney’s fees. The trial court based its award of attorney’s fees on the subcontract between Benjamin and Curtis and the doctrine of Baxter’s Asphalt & Concrete, Inc. v. Liberty County, 406 So.2d 461 (Fla. 1st DCA 1981), reversed on other grounds, 421 So.2d 505 (Fla.1982). The provisions of the subcontract do not support a set-off of attorney’s fees against Gulfside’s recovery. .
The court in Baxter’s Asphalt recognized an exception to the general rule that attorney’s fees are not recoverable in the absence of a contract or statute and stated:
Where the wrongful act of the defendant has involved the claimant in litigation with others, and has placed the claimant in such relation with others as makes it necessary to incur expenses to protect its interests, such costs and expenses, including reasonable attorney’s fees upon appropriate proof, may be recovered as an element of damages.
406 So.2d at 467.
In this case, Gulfside committed no wrongful act to invoke the Baxter’s Asphalt exception. To the contrary, Gulfside performed its duty to supply roofing materials and found it necessary to issue a writ of garnishment against Curtis only because Benjamin failed to pay for materials provided. The trial court erred in allowing Curtis a set-off for attorney’s fees.
We also reverse the trial court’s denial to Gulfside of a witness fee for an expert attorney witness as a taxable item of costs. In B & L Motors, Inc. v. Bignotti, 427 So.2d 1070 (Fla. 2d DCA 1983), this court recognized the view expressed in Mills v. Aronovitz, 404 So.2d 138 (Fla. 3d DCA 1981), petition for review denied, 415 So.2d 1360 (Fla.1982), that an expert attorney witness fee is recoverable as an item of taxable costs when the attorney testifies to a main issue in the trial but not when he testifies in a collateral proceeding. It is undisputed that the expert attorney in this case testified concerning one of the main issues at trial. Therefore, the trial judge should have allowed Gulfside to recover its *587 costs of the expert witness fee. Because the record is unclear whether Gulfside is entitled to $100.00 or $350.00 for its witness fee, we remand to the trial court for determination of the amount of the witness fee, which should then be added to the $583.75 of taxable costs allowed Gulfside.
The trial court is instructed to enter an order increasing Gulfside’s recovery of $5,024.10 by the amount of the erroneous attorney’s fee set-off. Additionally, Gulf-side’s taxable costs of $583.75 shall be increased after a determination of the appropriate expert witness fee.
Affirmed in part; reversed in part.
DANAHY, J., and FOGLE, HARRY W., Associate Judge, concur.