FRANK, Judge.
Bayboro Marine, Inc. appeals from those aspects of a final judgment awarding William MacFarlane damages in the amount of $35,000.00 caused by the negligent repair of his sailboat, and denying Bayboro’s counterclaim for unpaid bills and storage charges.
MacFarlane delivered his thirty-two foot Westsail sailing vessel to a marina owned by Herman Frisch on May 15,1983, to have it repaired and improved by installing a new mast, repairing the mast pad, sealing the cracks in the hull and rudder, removing and reinstalling the engine, remodelling the head and relocating the galley. The general manager of the marina told MacFarlane that in his estimation the repairs and improvements would cost between three and four thousand dollars and would be completed in thirty to sixty days.
Frisch sold the marina in July of 1983 to Bayboro. Prior to the sale, some minor work had been performed on MacFarlane’s sailboat by Frisch's employees. Upon assuming control of the marina, Bayboro reassured MacFarlane that the repairs would be completed by the end of August, 1983. Bayboro’s employees continued to work on the sailboat until December of 1983. MacFarlane received and paid Bayboro’s bills totalling $14,561.37. Bayboro’s final bill resulted in a dispute with MacFarlane and Bayboro refused to relinquish possession of the sailboat. MacFarlane sued Bay-boro on May 4, 1984, stating causes of action for negligent repair, fraud and recovery of the sailboat. Bayboro, however, had sold the marina on February 21, 1984, which rendered the cause of action for wrongful possession moot. Bayboro counterclaimed for unpaid bills and storage charges. A non-jury trial was conducted on March 14, 1985, which terminated in a final judgment for MacFarlane awarding him total damages of $37,500.00. Bayboro was unsuccessful in its counterclaim.
MacFarlane’s evidence supported his claim that the repairs performed by Bay-boro were executed in a negligent manner causing a dramatic loss in the sailboat’s value. MacFarlane’s expert witnesses testified that the value of a similar sailboat in good repair was $55,000.00 but the value of the sailboat after the faulty workmanship was only $20,000.00. The evidence further indicated that repairs approximating $16,-890.00 to $19,700.00 were required to remedy the negligent work. At the conclusion of the trial, MacFarlane, consistent with Alonso v. Fernandez, 379 So.2d 685 (Fla. 3d DCA 1980), elected and received $35,-000.00 in damages based upon the difference. between the sailboat’s value before and after the negligent repair plus damages of $2,500.00 for the loss of its use.
Bayboro has presented three issues for our consideration. At the outset, we disagree with its third point in which it challenges the trial court’s rejection of its counterclaim; the record contains substantial competent evidence supporting the trial court’s determination. Gulfside Supply v. Fred Curtis, Inc., 464 So.2d 585 (Fla. 2d DCA 1985). The remaining grounds urged by Bayboro — that the trial court utilized an incorrect measure of damages, and that the evidence as to the pre-delivery value of MacFarlane’s sailboat is insufficient — are valid but, based upon the considerations discussed below, we affirm the judgment.
It is generally true that the owner of a chattel partially destroyed by the negligence of another is entitled to damages measured by the chattel’s before-and-after value or, at the owner’s election, the reasonable cost of repair or restoration may be permitted with due allowance for any irreparable and permanent loss in value. Alonso, 379 So.2d at 687. Bayboro, however, contends, and we agree, that in the circumstance of negligent repair, as in this case, the proper measure of damages is the reasonable cost of remedying the faulty work plus a sum for permanent loss in value, but not an award predicated upon a before-and-after valuation. To measure MacFarlane’s damages based upon a before-and-after assessment of the vessel punishes Bayboro not only for its defective performance in repairing and modifying the vessel, but also for the loss of value *1382 occasioned by whatever necessitated the work in the first instance. See Hampton-Chrysler-Plymouth-Dodge v. White 448 So.2d 87 (Fla. 1st DCA 1984). The Hampton logic is especially pertinent because none of MacFarlane’s expert witnesses testified to the sailboat's actual value immediately preceding its delivery in May of 1983; they merely speculated that a similar thirty-two foot Westsail vessel in good repair would be worth $55,000.00. MacFarlane’s sailboat, however, was in disrepair upon delivery to Bayboro. Thus, to award MacFarlane damages hinged upon a valuation of the sailboat in a pristine condition would serve only to impose an extraordinary detriment upon Bayboro stemming from the sailboat’s diminished value prior to Bayboro’s negligence. Moreover, there is no evidence indicating that MaeFarlane’s sailboat suffered a permanent decline in value. In fact, the record reveals that the sailboat could have been repaired and returned to a workmanlike condition without loss in value for $16,890.00 to $19,700.00.
Thus, at first blush an award of $35,000.00 appears economically wasteful. Cf. Rector v. Larson’s Marine, Inc., 479 So.2d 783 (Fla. 2d DCA 1985). We are not confronted, however, with that consequence. Despite the trial court’s reliance on the wrong measure of damages, we are able to affirm the award. See U.S. Home Corp. v. Suncoast Utilities, 454 So.2d 601 (Fla. 2d DCA 1984). The record is plain that Bayboro billed and MacFarlane had paid $14,561.37 for materials not actually used, negligent and unauthorized work and work not performed. MacFarlane is entitled to recover those expenses in addition to the reasonable cost of restoration, estimated by the uncontroverted testimony of expert witnesses to be between $16,890.00 and $19,700.00. A simple arithmetical computation sustains the propriety of the $35,-000.00 judgment. The remaining $2,500.00 granted MacFarlane is not challenged by Bayboro.
Accordingly, we affirm the trial court’s final judgment awarding $37,500.00 in damages to MacFarlane and denying Bayboro Marine, Inc.’s counterclaim.
LEHAN, A.C.J, and HALL, J., concur.