150 So.2d 465 (1963)
AIRTECH SERVICE, INC., a Florida corporation, Appellant,
v.
MacDONALD CONSTRUCTION COMPANY, Appellee.
No. 62-214.
District Court of Appeal of Florida. Third District.
February 26, 1963.
Rehearing Denied March 19, 1963.
Smathers & Thompson and Samuel Brodnax, Jr., Miami, for appellant.
Frates & Fay and Kermit G. Kindred, Miami, for appellee.
Before CARROLL, HORTON and BARKDULL, JJ.
HORTON, Judge.
Appellant, defendant below, seeks review of an adverse final judgment entered consequent upon a jury verdict in favor of the plaintiff.
The appellee brought suit against the appellant seeking to recover for damage allegedly done to its aircraft by fire on February 23, 1956, while it was under the care, custody, and control of the appellant for the purpose of maintenance and repair. The complaint alleged that the fire was caused by the negligence of the appellant's employees while acting within the scope of their employment. It further alleged certain special damages allegedly occasioned by the loss of use of the damaged aircraft. Appellant answered admitting liability and alleging that the difference between the *466 reasonable market value of the aircraft before and after the fire, and/or the cost of repairs, was $20,000. Subsequently, appellant deposited $20,000 in the registry of the court, tendering that amount in full and complete settlement of the appellee's claim. Summary judgment was entered in favor of the appellee on the question of liability and the cause went to trial before a jury on the sole issue of damages.
At the trial it was made to appear that, after discussing repairs with several repair installations, the appellee decided, upon the recommendation of its pilot, that the aircraft should not be repaired. Accordingly, requests for bids on an as-is/where-is basis were submitted to several persons and companies. These requests indicated that the aircraft had been damaged by fire but did not indicate the extent of the damage. On July 28, 1956, the aircraft was sold to the highest bidder for $17,556. The new owner had the aircraft ferried to California, where it was examined and tested and found to be structurally sound. He then had it repaired at a cost of about $5,000. At the close of all the evidence the cause was submitted to the jury which returned a verdict in favor of the appellee in the amount of $51,000. The judgment appealed was entered pursuant thereto.
The appellant contends that the appellee's damages should be limited to the cost of repairs and cites the trial court's failure to so instruct the jury as error.
The rule of damages applicable to the case at bar is succinctly stated in Restatement, Torts, § 928 (1939) as follows:
"Where a person is entitled to a judgment for harm to chattels not amounting to a total destruction in value, the damages include compensation for
"(a) the difference between the value of the chattel before the harm and the value after the harm or, at the plaintiff's election, the reasonable cost of repair or restoration where feasible, with due allowance for any difference between the original value and the value after repairs, and
"(b) the loss of use." [Emphasis supplied.]
In the case at bar, the appellee elected not to repair and, therefore, was entitled to be compensated in damages for the difference between the value of the aircraft before it was damaged and its value after damage, plus any incidental expenses caused by the loss of its use. We have reviewed the instructions given in this regard and the requested instructions, and conclude that those given were, in the aggregate, complete and correct. Leonardi v. Walgreen Co., Fla.App. 1962, 146 So.2d 773; Solomon v. State, Fla.App. 1962, 145 So.2d 492; Stiles v. Calvetto, Fla.App. 1962, 137 So.2d 17.
We have considered the appellant's remaining contentions and found them to be without merit. Accordingly, the judgment appealed is affirmed.
Affirmed.