351 So.2d 1141 (1977)
Jon McMINIS and Larry McMinis, D/B/a Panama Aviation, Appellants,
v.
Earle L. PHILLIPS, Appellee.
No. EE-283.
District Court of Appeal of Florida, First District.
November 21, 1977.
John F. Daniel of Sale, Bryant, Daniel & Thompson, Panama City, for appellants.
Scott R. Nabors, Panama City, for appellee.
ERVIN, Judge.
Panama Aviation appeals a judgment entered following a jury verdict awarding Phillips damages for unworkmanlike and negligent repair done to his airplane by Panama. At trial, Phillips elected to use, as a measure of his damages, the cost of repair necessary to correct Panama's negligent repairs, consisting of stripping, sanding and repainting the airplane.
The sole point on appeal concerns the failure of Phillips to submit proof of his airplane's value immediately before and after the alleged damages. Panama contends Airtech Services, Inc. v. McDonald Construction Company, 150 So.2d 465 (Fla. 3rd DCA 1963) is controlling as to the point involved. That opinion relies on the RESTATEMENT OF TORTS, § 928 (1939), which states:
"Where a person is entitled to a judgment for harm to chattels not amounting to a total destruction in value, the damages include compensation for
(a) the difference between the value of the chattel before the harm and the value of the harm or, at the plaintiff's election, the reasonable cost of repair or restoration where feasible, with due allowance for any difference between the original value and the value after repairs and
(b) the loss of use." (Emphasis added.)
Phillips elected to recover the reasonable cost of repairs to his airplane. True, he failed to present proof of the difference between the original value and the value after repairs. Nevertheless the submission of such evidence was not the only avenue available to him necessary to the recovery of damages. The reasoning supporting the RESTATEMENT's rule is clear. A plaintiff *1142 whose chattel has been damaged should not be unjustly enriched by the repairs necessitated by a tortfeasor. For example, following an automobile accident, a plaintiff should not have his car repaired so that it is in better condition than before the accident and then seek to hold a defendant liable for the entire cost of that repair.
Phillips took his airplane to Panama with the idea that its value would be increased by the repainting. The increase in value was contemplated by the parties in entering into their agreement. A mechanical application of the RESTATEMENT rule would preclude Phillips from any recovery, since it is unrefuted the value of his airplane had appreciated following the repair work.
Moreover Phillips sued in two counts, one in contract for breach of the contract between the parties, and the second in tort for negligence. Panama has not argued the cost of the second repair job is an inadequate measure of damages arising from the breach. This being so, we need not decide whether Phillips properly established damages under his negligence theory. The final judgment is
AFFIRMED.
BOYER, Acting C.J., and MILLS, J., concur.