LEFFLER, KENNETH M.,
Associate Judge, dissenting:
Following non-jury trial, judgment for $9,000 was entered for the plaintiff in this motor vehicle accident case.
The only testimony for the plaintiff regarding loss of value to equipment involved in the accident came from an equipment dealer. The machine (“Bobcat”) had a value of $5,500 just prior to the accident, and a salvage value of $1,200; the trailer totally destroyed had a value of $950.00 just before the accident (and no salvage value). Replacement cost of both items, $6,682 (including sales tax), closely approximated the $6,450 value of both items before the accident. Both this witness and the plaintiff’s president testified that the equipment destroyed was, just prior to the accident, exactly equal in value to the replacement equipment.
The applicable measure of damages is the value of the partially destroyed equipment immediately before and after the accident. McMinis v. Phillips, 351 So.2d 1141 (Fla. 1st DCA 1977); Airtech Service, Inc. v. MacDonald Constr. Co., 150 So.2d 465 (Fla. 2d DCA 1963). Since the plaintiff kept the partially destroyed Bobcat, it was entitled to a maximum recovery of $8,378.95 (or only $8,610.95 even if replacement value were used).
The trial court erred in refusing to consider the salvage value of the Bobcat. Even though the difference in damages and the amount of the judgment is small, I would reverse with directions that judgment be entered for no more than $8,398.95.