446 So.2d 138 (1983)
FORT LAUDERDALE TRANSFER AND RIGGING, INC., Appellant,
v.
CALLAHAN MOTOR COMPANY, INC., Appellee.
No. 82-1731.
District Court of Appeal of Florida, Fourth District.
September 21, 1983.
Rehearings Denied March 29, 1984.
*139 Neil J. Berman and Fred N. Kellner of Neil J. Berman, P.A., Miami, for appellant.
Melanie G. May of Bunnell, Denman & Woulfe, P.A., Fort Lauderdale, for appellee.
DELL, Judge.
Fort Lauderdale Transfer and Rigging, Inc., appeals from a final judgment of $35,000, plus costs, in favor of appellee, Callahan Motor Company, Inc., and the denial of its motion for new trial or remittitur.
This action arose from an oral contract in which appellant agreed to relocate a press brake machine in appellee's factory. While moving the 58,000 pound press brake, appellant dropped it. Appellee sued for breach of contract and negligence and claimed damages for the total loss of the press brake machine, lost profits, loss of use of the machine, costs and expenses for repair and labor to move and fix the machine, plus expenses to fix the area of the plant where the machine fell and costs and expenses for purchasing and setting up a new machine.
Appellee initially attempted to repair the machine and presented evidence of the cost of such repairs as well as the cost to repair the concrete surface on which it fell. However, appellee's attempts to repair were unsuccessful and appellee purchased a replacement machine. The replacement machine failed and appellee found it necessary to purchase a second machine. Appellee introduced evidence showing the value of the damaged machine prior to the loss but failed to submit any evidence as to its value after the loss other than it had no value to appellee. Apparently, the machine was repaired to the extent that it could bend short pieces of metal but was no longer useful to appellee because of its inability to bend large pieces of metal.
Appellant contends that the trial court should have directed a verdict on the claim for the total loss of the machine because appellee failed to produce evidence as to the value of the machine after the loss, that appellee's proof on its claim for loss of profits was inadequate as a matter of law, and that the trial court erred in permitting appellee's president to estimate a portion of the cost of labor incurred as a result of this accident.
We agree with appellant's contention that appellee failed to adequately prove its claim for damages for the total loss of the machine. Appellee's evidence established only that the machine had a value of $35,000 before the loss. Appellee's expert testified that the machine had a market value and that it could be fixed. However, the expert failed to offer any opinion as to either the salvage value of the machine or as to its repaired value. The Restatement of Torts sets forth the measure of proof which we hold necessary to recover damages such as those claimed by *140 appellee for the loss of the press brake machine:
Where a person is entitled to a judgment for harm to chattels not amounting to a total destruction in value, the damages include compensation for
(a) the difference between the value of the chattel before the harm and the value after the harm or, at the plaintiff's election, the reasonable cost of repair or restoration where feasible, with due allowance for any difference between the original value and the value after repairs, and
(b) the loss of use. [Emphasis supplied.]
Restatement of Torts § 928 (1939).
McMinis v. Phillips, 351 So.2d 1141 (Fla. 1st DCA 1977); Travelers Indemnity Co. v. Skyway Marine, Inc., 251 So.2d 327 (Fla. 3d DCA 1971); Airtech Services, Inc. v. MacDonald Construction Co., 150 So.2d 465 (Fla. 3d DCA 1963). Appellee's failure to introduce evidence of the value of the machine after the loss compels us to reverse the trial judge's denial of appellant's motion for a directed verdict on this element of damage.
We have carefully reviewed the record concerning the proof offered by appellee on its claim for lost profit and find appellee's evidence on this element of damage too uncertain and speculative to support a claim for lost profits. The trial court should have granted appellant's motion for directed verdict on this claim. We find the evidence presented by appellee on its remaining damage claims sufficient to go to the jury.
Therefore, we reverse the trial court's denial of appellant's motion for directed verdict on appellee's claim for the loss of its machine and its claim for lost profits. We affirm the trial court's denial of appellant's motion for directed verdict on the remaining elements of damage and remand for a new trial on appellee's claims for costs and expenses for labor to move the machine, expenses incurred in attempting to repair the machine, expenses incurred in setting up a new machine and expenses incurred to repair the damaged floor of appellee's plant.
Reversed in part; affirmed in part and remanded.
GLICKSTEIN and HURLEY, JJ., concur.