448 So.2d 87 (1984)
HAMPTON-CHRYSLER-PLYMOUTH-DODGE, INC., a Florida Corporation, Appellant,
v.
Daris WHITE, Appellee.
No. AS-488.
District Court of Appeal of Florida, First District.
April 11, 1984.
*88 Arthur C. Beal, Jr. of McConnaughhay, Roland & Maida, Tallahassee, for appellant.
John R. Weed, Perry, for appellee.
PER CURIAM.
Hampton Chrysler-Plymouth-Dodge, Inc. appeals from the trial court's final judgment, entered pursuant to a jury verdict, awarding Daris White $5,000 for loss of use and $6,191.45 in damages for breach of warranty in regard to negligently done body repair work on White's 1980 Cadillac Sedan DeVille. We find no error in the loss of use award but conclude that the damages for breach of warranty cannot be sustained. In particular, we find the trial court improperly permitted White to introduce testimony, over objection, as to the value of his car before and after it was repaired.
While the general rule in Florida is that the measure of damages for a tortious injury to a pleasure vehicle that may be repaired is the difference between the reasonable market value of that vehicle immediately before the accident and its reasonable market value immediately afterward, McMinis v. Phillips, 351 So.2d 1141 (Fla. 1st DCA 1977), this is not such a case and instead involves the measure of damages recoverable for defective repairs. Here, the damages recoverable amount to the "difference between the value of the vehicle in its defective condition and its value in the condition in which it would have been if the repairs had been properly performed, together with all other losses proximately resulting from the defective repair work, and which can be regarded as within the contemplation of the parties," such as loss of use. 38 Am.Jur.2d, Garages and Filling and Parking Stations, § 80 (1968); also see Lynch v. Florida Mining & Materials Corp., 384 So.2d 325 (Fla. 2d DCA 1980); Pinellas County v. Lee Construction Co., 375 So.2d 293 (Fla. 2d DCA 1979). This difference is ordinarily measured by the reasonable cost of remedying the faulty work, Pinellas County, supra, and not a "before/after" valuation. To hold otherwise would punish Hampton *89 not only for its defective performance in repairing the car but also for the loss of value occasioned by the wrecks that necessitated the repair work in the first place. Further, White has been amply recompensed for the period of time he was without the services of his car. Since the properly admitted evidence shows that these negligently done repairs can be rectified by, at most, a further $750 in additional repairs, as Hampton concedes, we direct a remittitur reducing the damages for breach of warranty to $750. The loss of use award shall stand.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
JOANOS, J., and CHARLES E. MINER, Jr., Associate Judge, concur.
ERVIN, C.J., specially concurring and dissenting.
ERVIN, Chief Judge, specially concurring and dissenting.
I agree with the majority that given the posture of this case, appellee elected as the measure of damages the cost to repair properly his motor vehicle which was required by the appellant's defective repairs. In McMinis v. Phillips, 351 So.2d 1141 (Fla. 1st DCA 1977), we relied upon Restatement of Torts § 928 (1939), concerning the measure of damages to a bailed vehicle necessary to correct negligent repairs:
Where a person is entitled to a judgment for harm to chattels not amounting to a total destruction in value, the damages include compensation for
(a) the difference between the value of the chattel before the harm and the value of the harm or, at the plaintiff's election, the reasonable cost of repair or restoration where feasible, with due allowance for any difference between the original value and the value after repairs and
(b) the loss of use.
(e.s.) It is apparent from the above rule that the injured person must elect as to whether he will seek damages for the difference between the value of his chattel before the harm and its value thereafter, or seek the value of the reasonable costs of repairs. He is not entitled to both. In the present case the jury was instructed, without objection, as to the following elements of damage pertinent to appellee's count sounding in breach of warranty:
You should consider the following elements: First, any damage to his 1980 Cadillac, the measure of such damages as the reasonable cost of repair, if it is practicable to repair the car, with due allowance for any difference between its value immediately before the repairs and its value after the repairs.

Second, you should also take into consideration any loss Plaintiff sustained by being deprived of the use of this car during the time reasonably required for its repair.
(e.s.) Accordingly, as the instruction given to the jury coincides with that portion of the Restatement which is applicable only to the reasonable costs of repairs, I agree with the majority that evidence of the value of the damaged car before and after it was repaired was not appropriately submitted to the jury. Were it a proper issue of submission, I consider that an owner is generally presumed competent to testify as to value of his personal property. Taylor v. State, 425 So.2d 1191, 1193 (Fla. 1st DCA 1983). This presumption, of course, may be rebutted by showing, for example, that the witness had no knowledge of the fair market value at the time of the occurrence of the harm. Id.
The difficulty I have with the majority's opinion is its direction of a remittitur reducing the damages for breach of warranty to $750. I find no support in the record for that figure, an amount that was suggested by counsel for appellant in his brief. I would accordingly remand this cause for a new trial on the issue of damages for breach of warranty only. I otherwise concur with the majority in affirming that portion of the judgment awarding to appellee $5,000 in damages for loss of use of his automobile.