470 So.2d 32 (1985)
MERRILL STEVENS DRY DOCK Company, Appellant,
v.
Ray NICHOLAS, Appellee.
No. 84-1578.
District Court of Appeal of Florida, Third District.
May 14, 1985.
Rehearing Denied June 24, 1985.
*33 Smathers & Thompson and Hendry H. Bolz, III, Miami, for appellant.
Daniel Mones and Frank Marks, Miami, for appellee.
Before NESBITT, BASKIN and FERGUSON, JJ.
BASKIN, Judge.
Ray Nicholas filed an action against Merrill Stevens Dry Dock Company [Merrill Stevens] to recover for damages stemming from Merrill Stevens' negligent handling of Nicholas's 57 foot Chris Craft yacht. Merrill Stevens counterclaimed to obtain payment on Nicholas's unpaid yard bills. Merrill Stevens admitted liability, and the case was tried by the court solely on the damages issues in both claims. At the conclusion of the trial, the trial court entered a final judgment awarding Nicholas $55,000 for damages to his boat and Merrill Stevens $1,450.44 on its counterclaim. Merrill Stevens appeals. We are asked to decide whether the trial court applied the correct measure of damages. We reverse only that portion of the final judgment awarding damages to Nicholas.
The applicable measure of damages appears in the Restatement of Torts, section 928 (1939), approved by this court in Airtech Service, Inc. v. MacDonald Construction Co., 150 So.2d 465 (Fla. 3d DCA 1963):
Where a person is entitled to a judgment for harm to chattels not amounting to a total destruction in value, the damages include compensation for
(a) the difference between the value of the chattel before the harm and the value after the harm, or at the plaintiff's election, the reasonable cost of repair or restoration where feasible, with due allowance for any difference between the original value and the value after repairs, and
(b) the loss of use. (emphasis supplied)[*]
In awarding Nicholas the sum of $55,000, the trial court appears to have combined an amount reflecting the vessel's diminution in value before repairs with the cost of anticipated repairs, providing Nicholas an impermissible double recovery. Nicholas is entitled to recover either the equivalent of the vessel's diminution in value before repairs, or the cost of repairing the vessel plus the diminution in value after repairs; he may not recover upon both theories. McMinis v. Phillips, 351 So.2d 1141 (Fla. 1st DCA 1977); Airtech at 466. Thus, the trial court's award of damages to Nicholas constitutes reversible error.
As to the second issue, we find no abuse of the trial court's discretion in the award pertaining to Merrill Stevens' unpaid yard bills.
Reversed in part, affirmed in part, and remanded for a new trial as to the amount of Nicholas's damages.
NOTES
[*] Restatement (Second) of Torts, § 928 (1979), is substantially similar.