DANIEL, Judge,
dissenting.
I dissent.
The majority, through Associate Judge Evans, has, in their first six paragraphs, most ably set out what I perceive to be the factual scenario and ruling of the trial court.
Contrary to the majority, however, there is every basis in both the Florida Statutes and in the Declaration of Condominium to support the findings and final judgment of the trial court.
Chapter 718, known as Florida’s “Condominium Act”, gives statutory recognition to the condominium form of ownership of real property and establishes procedures for the creation, sale, and operation of condominiums. Every condominium created in the state is subject to the provisions of this chapter. § 718.102, Fla.Stat. (1987). A condominium is created by recording a declaration in the public records in the county where the land is located. § 718.104(2), Fla.Stat. (1987). The Declaration of Condominium governs the relationships between the condominium unit owners and the condominium association but “is more than a mere contract spelling out mutual rights and obligations of the parties thereto — it assumes some of the attributes of a covenant running with the land, circumscribing the extent and limits of the enjoyment and use of real property.” Brickell Bay Club Condominium Association, Inc. v. Hernstadt, 512 So.2d 994, 996 (Fla. 3d DCA 1987).
The Declaration of Condominium is part of the condominium’s “constitution” and is susceptible to basic rules of interpretation. Koplowitz v. Imperial Towers Condominium, Inc., 478 So.2d 504 (Fla. 4th DCA 1985). Thus every provision should be given meaning and effect and apparent inconsistencies reconciled if possible. See Excelsior Insurance Company v. Pomona Park Bar & Package Store, 369 So.2d 938 (Fla.1979). In so doing, the court should strive to give effect to the intent of the parties in accord with reason and probability as gleaned from the whole agreement and its purpose. Arthur Rutenberg Corporation v. Pasin, 506 So.2d 33 (Fla. 4th DCA 1987). In determining the intent of the parties, the individual terms of the agreement should not be considered in isolation but as a whole and in relation to one another. Baghaffar v. Story, 515 So.2d 1373 (Fla. 5th DCA 1987); South Florida Beverage Corporation v. Figueredo, 409 So.2d 490 (Fla. 3d DCA 1981).
Here the Declaration[1] provides that “first preference will be given to the owner closest to the unit for sale.” The preference is found under section 11.2 which provides for “Approval of Association.” This section is concerned primarily with the duties and obligations of the Association. When the rights and obligations of a party other than the Association are involved, the active voice is used and the actor is specified. For example, this section provides that “a unit owner intending to make a ... sale ... shall give ... notice” and “the members ... shall have the first right to accept such sale ...” When the passive voice is used and the actor is not specified (for example, “notice is to be posted ... ”), the actor is clearly the Association. The Association did in fact authorize the Hulmes to purchase Mrs. Stafford’s condominium. The proper resolution of any inconsistencies which may arguably exist in an agreement is best determined by the manner in which the parties actually per *439 form under it. South Florida Beverage Corporation v. Figueredo.
The fact that the preference provision is set forth under the section involving approval by the Association, that the party who is to determine the preference is not expressly named and that the Association did select and approve a purchaser indicates that the parties intended for the Association to determine who is the “closest” unit owner for purposes of applying the preference. However, even if we were to find that a genuine inconsistency or ambiguity exists as to which party had the duty of determining the preference, we would have to construe any ambiguity against the drafter of the Declaration, that is, the Association. Enegren v. Marathon Country Club Condominium West Association, Inc., 525 So.2d 488 (Fla. 3rd DCA 1988); Kaufman v. Shere, 347 So.2d 627 (Fla. 3d DCA 1977). Thus, contrary to the majority, I would conclude that the Association had the duty to decide which of the two prospective purchasers was entitled to the preference in purchasing Mrs. Stafford’s unit and that the Association was liable for the damages resulting from its failure to do so.
The Association also argues that the trial court erred in awarding Mrs. Stafford damages for the loss of the use of the sales proceeds from the date of the original closing in the Hulmes’ contract until the actual closing. I would conclude that even if this item of damages was not specifically raised in the pleadings, the issue was tried by consent of the parties. See Rosenberg v. Guardian Life Insurance Company, 510 So.2d 610 (Fla. 3d DCA 1987); Smith v. Mogelvang, 432 So.2d 119 (Fla. 2d DCA 1983). The Association failed to act when it had a duty to do so and this failure resulted in a delay of more than one year in Mrs. Stafford receiving the proceeds from the sale of her condominium. Thus she was entitled to damages for the loss of the use of the sales proceeds. See Foresight Enterprises v. Leisure Time Properties, Inc., 466 So.2d 283 (Fla. 5th DCA 1985); Hampton - Chrysler - Plymouth - Dodge, Inc. v. White, 448 So.2d 87 (Fla. 1st DCA 1984).
I would affirm.

. See majority opinion for pertinent portions of the Declaration of Condominium.