WIGGINTON, Chief Judge.
The City of Alachua has appealed from an adverse judgment rendered in a suit for property damages suffered when a rotten limb from a tree owned by the City fell on plaintiff’s truck. The principal contention made by the City is that the evidence adduced at the trial is insufficient to establish that the City had such notice of the defective condition of the tree as to impose upon it a duty to remove the tree in question in order to protect plaintiff from the damages which resulted to his property.
The only evidence introduced by plaintiff on this critical issue of the case was the testimony of his wife. She testified that she had a conversation with defendant’s City Manager in which she advised him that rotten limbs from the tree were falling in her yard and that the City should do something about it. The City Manager, who was in attendance at the trial and heard plaintiff’s wife testify, was later called as a witness for defendant. The City Manager denied having had the conversation with plaintiff’s wife as testified to by her, but candidly admitted that if plaintiff’s wife had in fact told him the things she testified about, he would have immediately gone to her home, inspected the tree in question, and if it appeared from such inspection that there was a likelihood of anyone being hurt or damaged by rotten limbs falling from the tree', he would have removed it.
In the court’s instructions to the jury it was charged that before the plaintiff could recover, he must prove by a preponderance of the evidence that he actually notified the City through its duly authorized agents of the rotten condition of the tree in question, and that the City failed to act with reasonable promptness for' plaintiff’s protection after having received knowledge of the defective condition of the tree.
If the jury had believed the City Manager’s testimony that he never had the conversation with plaintiff’s wife as testified to by her, its verdict would have been in favor of the City. If, however, the jury believed the testimony of plaintiff’s wife with respect to the conversation she had with the City Manager, then the jury had a right to infer from the' admissions made by the City Manager that the notice received by him of the defective condition of the tree was sufficient to require the City to take some steps to protect plaintiff from the damage he subsequently suffered.
Under our system it is well settled that it is the province of the jury to *90 determine the weight of the evidence and the credibility of the witnesses.[1] The sufficiency of the evidence to prove the facts relied on to constitute notice is exclusively a question for the jury.[2] It is equally well settled that a judgment should not be reversed on appeal, nor a new trial granted, on the ground that the verdict is not sustained by the evidence unless it appears that there was no substantial evidence to support the finding, or that upon the whole evidence the verdict is clearly wrong, or that the jury was not governed by the evidence in making its finding.[3]
It is our view that on the state of the record before us the sufficiency of the evidence to., constitute notice to the City of the defective condition of the tree which caused the damage was solely a question for the jury, and the trial judge did not commit error in denying defendant’s motion for a directed verdict nor its motion for a new trial.
Appellee has cross-assigned as error the ruling of the trial judge denying his proffer of evidence to establish as an element of damage the loss of use of his truck. By his complaint plaintiff alleged that as a proximate result of defendant’s negligence the motor vehicle owned by plaintiff was damaged as a result of which plaintiff had been deprived of the use of his vehicle, it being the only one owned by him and necessary in his business. Thus it appears from the complaint that the only claim for special damages arising out of defendant’s negligence in this case is one for loss of use of a business vehicle.
At the trial the proffer made by plaintiff on this claim of his complaint did not relate to loss of use of a business vehicle as alleged in the complaint, but was one in which he offered to .prove the value of the loss of use of his vehicle for pleasure purposes. The proof proffered by plaintiff was at complete variance with the claim alleged in his complaint. One cannot claim damages for loss of use of a business vehicle-resulting from the negligence of defendant, and on trial attempt to prove the value-of the loss of use of this vehicle for pleasure purposes. We therefore conclude that the-trial judge was correct in denying the proffer made by plaintiff. Whether or not plaintiff was entitled to recover in this action for the loss of use of his truck as a. pleasure vehicle is not properly before us'on this appeal, and we therefore express no-views on the question of law sought to be raised by the cross-assignment of error.
Affirmed.
STURGIS, J., and FITZPATRICK, W. L., Associate Judge, concur.

. Tooley v. Margulies, Fla.1955, 79 So.2d 421.

. Johnston v. Allen, 22 Fla. 224, 1 Am.St. Rep. 180.

.White v. State, 84 Fla. 677, 95 So. 113.