PER CURIAM.
The appellants, defendants in the trial court, seek review of an adverse final judgment rendered upon a jury verdict in a personal injury action.
The accident involved occurred between an automobile driven by the appellee, Janet Robinson, which was struck in the rear by an automobile driven by the appellant, Glen Wilson, which allegedly was on an emergency call. The appellants rely upon four points upon which they urge the trial court committed error: (1) In denying their post-trial motions for a new trial and judgment non obstante veredicto, contending that there is no evidence to support the verdict. (2) In allowing the appellees six peremptory charges contrary to the provisions of § 54.11, Fla.Stat., F.S.A. (3) In charging the jury that the estate of Theodore H. Robinson would be liable for Janet Robinson’s future medical expenses, if any, in view of the fact that a husband’s liability to pay for his wife’s medical bills ceases at the time of his demise. (4) In charging the jury upon the doctrine of last clear chance.
As to the first point, there being substantial, competent evidence to support the verdict, no error is shown in the trial court’s denial of the post-trial motions. See: Food Fair Stores of Florida v. Vallarelli, Fla.App.1958, 101 So.2d 161; City of Alachua v. Swilley, Fla.App.1960, 118 So.2d 88. As to the second point, in view of the answer filed on behalf of all three defendants which denied proper notice to the municipality and denied ownership of the vehicle of one of the defendants, no error is shown in the trial judge permitting six peremptory charges. In this connection, see: Bailey v. Deverick, Fla.App.1962, 142 So.2d 775. At to the third point, the charge was erroneous in law and constituted an error, but under the circumstances it appears to be harmless error and, measured by the test of the statute under § 54.23, Fla. *525 Stat., F.S.A., it is not such that would require reversal of the jury’s verdict. As to the fourth point, under the facts the charge on the doctrine of last clear chance was applicable although, possibly, it should have been coupled with an emergency charge. However, it does not appear from the record that the defendants requested an emergency charge.
Therefore, in accordance with the views expressed above, the final judgment here under review is hereby affirmed.
Affirmed.