209 So.2d 252 (1968)
Alfred P. MEAKIN, Appellant,
v.
Mary F. DREIER, Appellee.
No. 67-304.
District Court of Appeal of Florida. Second District.
April 17, 1968.
Rehearing Denied May 9, 1968.
*253 John Boult, of Fowler, White, Collins, Gillen, Humkey & Trenam, Tampa, for appellant.
Richard O. Jacobs, of Williams, Woodworth & Jacobs, St. Petersburg, for appellee.
HOBSON, Judge.
Defendant-appellant takes this appeal from a final judgment awarding the plaintiff-appellee damages for the loss of use of a pleasure vehicle and damages for the cost of repairs to such vehicle.
As liability was admitted by the defendant-appellant, the issue in this case was limited to the amount of and the allocation of damages.
The facts pertinent for the disposition of this appeal include that plaintiff's car was not at her disposal for a period of fourteen days. There was no testimony that a substitute vehicle was rented or that any expense was incurred as a result of plaintiff's car being fourteen days in repair.
Testimony was given by a representative of the Hertz Rent-A-Car Agency to the effect that it would cost $100 per week for plaintiff to rent a vehicle similar to hers that was in repair.
The main question on appeal is whether or not the lower court erred in allowing $200 in damages for the loss of use of a pleasure vehicle.
This is a case of first impression in Florida.
Appellant contends that Florida has "steadfastly refused" to meet the issue of whether or not loss of use of a pleasure vehicle is compensable and cites as authority the case of City of Alachua v. Swilley, 118 So.2d 88 (Fla.App. 1st 1960). The issue before the court in that case was whether or not the proof at trial conformed to the pleadings as the plaintiff claimed loss of use of a "business" vehicle and attempted to prove at trial loss of use of a "pleasure" vehicle. Thus, the issue of loss of use of a pleasure vehicle was properly not decided, as that issue was "not properly before (the court) * * * on this appeal." See 118 So.2d, supra at page 90.
Florida has adopted the Restatement of Torts as the rule of damages applicable *254 for injuries to chattels. Airtech Service, Inc. v. MacDonald Construction Company, 150 So.2d 465 (Fla.App. 3rd 1963).
The Restatement of Torts, Section 928 (A.L.I. 1939), states:
"Where a person is entitled to a judgment for harm to chattels not amounting to a total destruction in value, the damages include compensation for * * *
(b) The loss of use."
In the comment section of Restatement 928, supra, it is pointed out that compensation for loss of use is determined under Section 931 of the Restatement. Section 931 clearly indicates that:
"The owner of the subject matter is entitled to recover as damages for the loss of the value of the use, at least the rental value of the chattel * * *. This is true even though the owner in fact has suffered no harm through the deprivation, as where he was not using the subject matter at the time * * *." Restatement 931, comment (b).
It is clear that the Restatement provides for compensation for the reasonable value of the loss of use of a pleasure vehicle during the time of repairs even though no substitute car is used.
The measure of damage is "loss of use" not rental value. Rental value is merely indicative of "loss of use" value. The argument of the defendant-appellant that plaintiff did not rent a car and thereby suffered no pecuniary loss is without merit. Plaintiff did not seek reimbursement for rent of a vehicle. Plaintiff was deprived of the loss of use of her vehicle. The rental value of an equally equipped car is indicative of that loss suffered. Thus, "rent" and "loss of use" are not interchangeable terms. Rather the first is indicative of the second.
This issue was squarely faced and answered in Holmes v. Raffo, 60 Wash.2d 421, 374 P.2d 536 (Wash. 1962). There the court pointed out that it is the use value and not the rental value that is compensable. The court also stated that loss of use is compensable even though the car is used "for family purposes or simply for pleasure," and even though the owner hired no rental car in the interim.
The leading case in this regard is Cook v. Packard Motor Car Company, 88 Conn. 590, 92 A. 413; L.R.A. 1915C, 319 (1914) where the court stated the guiding principle:
"Since compensation for injury to personal property is the cardinal rule for the measure of the damage, there would seem to be no room for affording a recovery for a deprivation of the use of an automobile devoted to business, and denying it to one devoted to pleasure uses. The value of the use of personal property is not the mere value of its intended use but of its presents use. The value of an article to its owner, as Sedgwick points out, lies in his right to use, enjoy, and dispose of it. There are the rights of property which ownership vests in him, and whether he, in fact, avails himself of his right or use does not in the least affect the value of his use. (1) Sedgwick on Damages (9th Ed.) § 243a. His right to the use of his property is not diminished by the use the owner makes of it. His right of user, whether for business or pleasure, is absolute, and whoever injures him in the exercise of that right renders himself liable for consequent damage."
The court in Holmes, supra, also pointed out that to accept any other point of view would condition recovery upon the "financial ability to hire another automobile * *. The law cannot condone such a condition." See 374 P.2d, supra at page 542. If it did, the law would favor the wealthy. On that point see Chesapeake & O. Ry. Co. v. Boren, 202 Ky. 348, 259 S.W. 711 (1924).
Thus, strong, substantial authority supports the position that loss of use of a *255 pleasure vehicle during the time reasonably necessary to make the repairs, though no substitute vehicle is leased, is properly an element of damages. Therefore, the admission of testimony on this point then was not error, even though it was admitted over defendant's objection.
The defendant-appellant contends that to permit an award for loss of use of a pleasure vehicle would violate the rule of certainty as to damages because of the difficulty or impossibility of determining a proper measure of damages. The evidence introduced at trial showed substantial damage and sustained the court's award for loss of use.
The plaintiff testified she used the car for pleasure and some business. In the three weeks she owned the car, she drove 700 to 800 miles. The shop foreman where the car was repaired stated that two weeks was a reasonable time to repair this car. He also stated he had to wait five days for necessary parts and that nine days were necessary to make the repairs.
Thus, there was introduced evidence of a loss of use for a substantial period of time. It is quite clear that the period of time reasonably necessary to procure parts is part of the compensable period of time. See Allen v. Hooper, 126 Fla. 458, 171 So. 513 (Fla. 1937); Pfingsten v. Westenhaver, 39 Cal.2d 12, 244 P.2d 395 (1952). See also 25 C.J.S. Damages § 83 at p. 917 and cases cited therein. Certainly, the total period of time involved is more than "nominal." A loss of two weeks use of a car which was driven 800 miles in the three previous weeks plaintiff owned it is substantial.
We have considered appellant's other point on appeal and find it to be without merit.
In view of the above, it is the decision of this court that loss of use of a pleasure vehicle during the time reasonably necessary to make the repairs, though no substitute vehicle is leased, is properly an element of damages.
For the reasons set forth above, we conclude that the lower court should be and hereby is
Affirmed.
LILES, C.J., and ALLEN, J., concur.