OWEN, Judge.
Appellants are husband and wife and were. defendants in an action brought by appellee for defendants’ alleged conversion of $5,000 in currency which appellee left with appellants for safekeeping. A jury verdict against both defendants resulted in the judgment from which this appeal has been taken.
Mr. Johnson and Mr. Baird became acquainted in 1959 and thereafter became friends. Mr. Baird had a safe in his home for his personal use. In 1963 Mr. Johnson brought $5,000 in currency to the Bairds’ home to be placed in Ralph Baird’s safe for safekeeping. Mr. Baird was not at home at the time, so Mr. Johnson left the $5,000 in currency with Mrs. Baird to be delivered to her husband upon his return later in the day. Mr. Baird received the money from his wife and placed it in his safe, and there was no evidence to establish that at any time thereafter Mrs. Baird ever again had any custody or control of these funds. Mr. Baird testified that within a few months Mr. Johnson asked for and received a return of the $5,000 and that later Mr. Johnson also left certain gold mining stock and another $5,000 in cash for safekeeping, all of which were subsequently returned to him. Mr. Johnson testified that although he discussed the funds with Mr. Baird on numerous occasions, and at one time even offered to permit Mr. Baird to use the funds for his own purposes should he so desire, the $5,000 deposit left with Mrs. Baird in 1963 was never returned. Mr. Johnson admitted that from the time he left the $5,000 in currency with Mrs. Baird, up to and including the time of the trial, he had never again discussed the matter of the funds with Mrs. Baird, nor was there any agreement with her other than that the money would be put in Mr. Baird’s safe.
Among the errors assigned by appellants was the denial of their respective motions for directed verdict at the close of all of the evidence. We believe it was error to deny such motion as to the defendant Beulah Baird. Viewing the evidence and all inferences reasonably to be drawn therefrom in a light most favorable to the plaintiff, Mrs. Baird was a gratuitous bailee of the $5,000 in currency which Mr. Johnson left in her custody. When Mrs. Baird delivered the $5,000 to her husband for him to place in his safe, which delivery was made pursuant to the expressed instructions of the plaintiff, Mrs. Baird’s duties as bailee terminated. 8 C.J.S. Bailments § 1. Mrs. Baird did not at any time thereafter have either custody or control of the funds. Although the jury could lawfully have found that Mr. Baird as bailee had been guilty of con *540 version by his failure to redeliver the funds to appellee upon demand, Mrs. Baird was a stranger to any bailor-bailee relationship existing between Mr. Johnson and Mr. Baird and her status as such was not altered merely because she was the wife of the bailee.
The remaining points raised by appellants are without merit and do not require discussion.
The final judgment in this case is modified so as to grant the plaintiff Daniel Cliffe Johnson, recovery of and from the defendant Ralph Baird, solely, and to deny recovery against the defendant Beulah Baird, who shall go hence without day with her costs. As thus modified the final judgment is affirmed.
McCAIN, J., and STEWART, JAMES R., Jr., Associate Judge, concur.