MANN, Chief Judge.
Connell’s complaints that his new car was overheating were not properly attended to by the dealer, and when his engine failed they argued for months about who was responsible. A jury, convinced by testimony that Connell and another man had boiled the thermostat and it still failed to open, and that there was a residue of solder in the radiator, found the manufacturer and dealer liable. This finding is sustained.
How the jury determined the damages to be $16,022.78 is another question. We need not determine at what point one financially able to finance repairs elsewhere must take a recalcitrant auto dealer’s no for an answer and hire somebody to do the work right, but certainly the law on this subject is germane on retrial. See generally Annot., 18 A.L.R.3d 497 (1968); Annot., 55 A.L.R.2d 936 (1957).
The trial judge’s instruction on the plaintiff’s responsibility to avoid accrual of excessive damages is legally sound. Whether it was ignored was a question we need not reach.
*369 It suffices for present purposes to hold that at least in part the verdict follows a prejudicially erroneous instruction that Connell’s damages included, but were “not limited to, the value of the motor vehicle,” (which was repossessed by the plaintiff lender, no longer a party) “the loss of use thereof as well as the rental value of a substitute vehicle . . . ” (Emphasis supplied) There is no evidence that Connell did, in fact, rent a substitute vehicle. Nevertheless he was privileged to show what rental would have cost him as evidence of damages for loss of use. Meakin v. Dreier, Fla.App.2d 1968, 209 So.2d 252. The instruction given encouraged duplication of a single element of damages.
Reversed and remanded for a new trial on damages only.
LILES, and PIERCE, JJ. (ret.), concur.