475 So.2d 715 (1985)
Mariette (LeGault) SCHRYBURT, Appellant,
v.
Raymond K. OLESEN and Sherry Olesen, His Wife, Appellees.
Donald R. LeGAULT, Appellant,
v.
Raymond K. OLESEN and Sherry Olesen, His Wife, Appellees.
Nos. 84-1630, 84-1688.
District Court of Appeal of Florida, Second District.
August 7, 1985.
*716 James A. Byrne and Warren J. Knaust of Knaust & Byrne, P.A., St. Petersburg, for appellant Donald R. LeGault.
Thomas E. Reynolds and Edward D. Foreman of Law Offices of Edward D. Foreman, P.A., St. Petersburg, for appellees.
Rick J. Burgess, G. Ware Cornell, Jr., and J. Clifton Cox of McCune, Hiaasen, Crum, Ferris & Gardner, P.A., Fort Lauderdale, for appellant Mariette (LeGault) Schryburt.
OTT, Judge.
The trial court found that appellants, Mariette (LeGault) Schryburt (hereinafter "Mariette") and Donald R. LeGault (hereinafter "Donald"), committed fraud when they sold a residence to appellees. We reverse the judgment against Mariette, and reverse in part the damages awarded against Donald.
Appellants were record owners of a home located in Pinellas County, Florida. Donald signed a listing agreement to sell the home. Appellees tendered a proposed contract to purchase the home which was accepted and signed by Donald alone. The transaction was closed in February of 1980. The warranty deed conveying the home to appellees was executed by both Mariette and Donald and indicated that they were husband and wife.
Prior to closing, appellees noticed a small area of roof leakage which they considered minor and no cause for concern. After closing, the roof began to leak severely, eventually forcing appellees to construct an internal framework to prevent the collapse of the roof.
In June of 1980, appellees initiated this action for, inter alia, fraud and misrepresentation. Following trial, the court found that appellants knew that the home had a severe leaking problem with possible structural defects, that appellants purposely and fraudulently failed to disclose this condition to appellees in order to effect a sale of the home, and that appellants actively concealed and misrepresented the nature and extent of the defects by making cosmetic repairs to the home and by telling real estate agents that a minor leaking problem had been repaired. The court awarded $151,512 compensatory and $10,000 punitive damages.
There is substantial, competent evidence to support these findings regarding Donald. However, there was absolutely no evidence presented at trial to involve Mariette in the transaction. Her name was not mentioned during the trial. The only instrument bearing her signature is the warranty deed. There was no evidence that she had any knowledge of the condition of the roof. There was no evidence she arranged for or knew of the various repairs nor that she was present, participated in, or had knowledge of any of the acts constituting fraudulent concealment and misrepresentation. Under Florida law, a wife is not liable for her husband's tort when she has no knowledge of his tortious conduct and does not authorize or participate in the act. See Tout v. Hartford Accident & Indemnity Co., 390 So.2d 155 (Fla. 3d DCA 1980), and Baird v. Johnson, *717 235 So.2d 538 (Fla. 4th DCA 1970). Consequently, the trial court erred in entering judgment against Mariette. The fact that she joined in the sale by signing the deed, standing alone, is insufficient to support the judgment. The judgment is therefore vacated as to Mariette (LeGault) Schryburt.
Generally, a person injured by the commission of a fraud is entitled to recover "damages for whatever loss he may have sustained from being led into a disadvantageous purchase by willful misstatements of the vendor." Williams v. McFadden, 23 Fla. 143, 149, 1 So. 618, 622 (1887); see generally 37 Am.Jur.2d Fraud and Deceit § 342 (1968). The amount recoverable depends largely on the nature of the transaction. See DuPuis v. 79th Street Hotel, Inc., 231 So.2d 532 (Fla.3d DCA 1970), and 27 Fla.Jur.2d Fraud and Deceit § 58 (1981).
We find error in two items of damages awarded to appellees. First, the court awarded $15,393 for loss of appreciation. This is analogous to loss of anticipated profits. Anticipated profits may constitute an element of damages where resale of the subject matter is contemplated by the parties and known to the representor, and where the plaintiffs pursue an action for both breach of contract and for fraud in inducing the contract. Ashland Oil, Inc. v. Pickard, 269 So.2d 714, 723 (Fla. 3d DCA 1972). We find no authority for awarding lost appreciation where, as here, the subject matter was purchased as a family dwelling. We therefore hold the trial court erred in allowing this as an item of damages and strike that amount from the award.
Second, the court awarded $57,722 for loss of use from February 1980 through December 1983, based upon expert testimony of the cost of renting a similar home for that period of time. Appellees continued to reside in the home throughout most of this time period. We recognize that in order to recover for loss of use it is not necessary to actually obtain comparable property. See Meakin v. Dreier, 209 So.2d 252 (Fla. 2d DCA 1968), and Alonso v. Fernandez, 379 So.2d 685 (Fla. 3d DCA 1980). However, in both Meakin and Alonso, the plaintiff was deprived of complete use of the property, thus distinguishing those cases from the case before us. In our case, there was no such deprivation of complete use of the property. We hold that the court erred in awarding damages for loss of use in these circumstances. This item is also stricken from the award.
Donald also maintains that the $10,000 punitive damages award should be reversed. Appellees sought punitive damages in the fraud count. That count did not allege that the fraudulent misrepresentations in this case were made through appellants' agents. Donald argues that this is fatal because he never met appellees and thus made no representations of any kind to appellees; therefore, appellees' complaint fails to conform to the rule in Florida that allegations of fraud must be specific and facts constituting the fraud should be clearly stated. See Kutner v. Kalish, 173 So.2d 763 (Fla. 3d DCA 1965). The fraud count did allege fraudulent concealment, and the court found that there was fraudulent concealment in this case. Therefore, the failure to allege agency was immaterial. The punitive damages award is affirmed.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED for the entry of a corrected final judgment in accordance with this opinion.
RYDER, C.J., and LEHAN, J., concur.