483 So.2d 506 (1986)
Homer VANATER, Appellant,
v.
TOM LILLY CONSTRUCTION, Appellee.
Nos. 84-2522, 85-193.
District Court of Appeal of Florida, Fourth District.
February 19, 1986.
*507 Casey & McBane, West Palm Beach, and Martha C. Warner, Stuart, for appellant.
Daniel B. Harrell of Gonano & Harrell, Fort Pierce, for appellee.
BOARDMAN, EDWARD F., Associate Judge (Retired).
This case arises from a contract to restore a shoe store destroyed by fire. The contract consisted of an itemized list of repairs and replacements with a price beside each totaling $39,484.21. During construction, the appellant store owner had several complaints regarding the materials being used. The appellee contractor submitted a final bill to the owner who still owed some thirty percent of the contract price. The owner insisted that the contractor first obtain a certificate of occupancy, but the contractor refused to obtain one until he was paid in full. The contract was silent as to when final payment was to be made. The owner hired a substitute contractor to obtain a certificate of occupancy and the original contractor filed a claim of lien.
In March 1984, the contractor filed suit to foreclose the mechanic's lien and the owner counterclaimed for breach of contract. The dispute centered around several items of the contract. Generally, the owner alleged that the contractor had not completed all of the work called for in the contract and, in some instances, had done substantially less than what was provided for by the contractual provisions. Moreover, some of the work done was not in compliance with the building code. Further, the owner maintained that he was due one month's rent for the period from the date of the contractor's refusal to obtain a certificate of occupancy to the date of the subsequent contractor's obtaining one.
At the conclusion of a bench trial, the court found for the contractor for the full amount of his lien, $12,541.03. It then credited the owner for certain items amounting to $5,478.70. The court rejected the owner's position that he was entitled to sums from bringing his building up to code and denied the owner's claim for lost rent. It awarded attorney's fees to the contractor pursuant to the mechanic's lien statute, section 713.29, Florida Statutes (1983).
We reverse. At first glance, an appeal based primarily on determinations made by the factfinder would ordinarily merit an affirmance. We are well aware that it is not within our province to substitute our judgment for that of the trial court where there is competent substantial evidence to support its factual determinations. Cripe v. Atlantic First National Bank of Daytona Beach, 422 So.2d 820 (Fla. 1982). However, it is within our province to reverse when the record, as here, fails to reveal substantial evidentiary support for the findings of the trial court.
A major issue in this case was the square footage of the store. A number of items in the contract, such as cleaning and painting the walls, was based on the size of the store which was listed as 4750 square feet. The owner's expert testified that the square footage of the building was 3610 *508 and this was never disputed. The expert also testified that much of the work was not done, but this was contradicted by the contractor who claimed he completed the work. While the trial court was free to believe that the work was completed, it was not free to disregard the square footage testimony as it was uncontradicted. See Clements v. Plummer, 250 So.2d 287 (Fla. 1st DCA 1971) and Reynolds v. Towne Management of Florida, Inc., 426 So.2d 1011 (Fla. 2d DCA 1983). Thus, the owner is entitled to a credit of $798 for cleaning and painting the walls and a credit of $912 for replacement of the drywall and ceiling.
The contract called for 4560 lineal feet of wood shelves and 1960 lineal feet of plywood shelves. The contractor admitted to installing particle board shelves and the owner claimed a credit for replacing the shelving. The undisputed testimony of the owner's expert was that it would cost $4411 to replace the wood shelves and $1960 to replace the plywood shelves. The trial court awarded a total of $3200 because it found that the particle board shelves still have some value. There was no evidence presented as to the value of the particle board shelves. We believe the trial court erred in this regard. When a contract calls for a certain material to be used, whether for functional or aesthetic purposes, and a material of lesser quality is substituted, a party should not be penalized in his attempt to enforce the contract. Here, the trial court awarded the owner only one-half of his replacement cost. The owner contracted for wood and plywood, he paid for wood and plywood, and now he will have to pay half as much again to get wood and plywood. We hold that the proper measure of damages is the replacement cost. See Gory Associated Industries, Inc. v. Jupiter Roofing & Sheet Metal, Inc., 358 So.2d 93 (Fla. 4th DCA 1978). The owner is entitled to an additional $3171.
The owner's claim for lost rent also requires reversal. As stated above, the contract was silent as to the time for final payment. The contractor demanded the final payment of thirty percent of the contract price prior to obtaining a certificate of occupancy. Where a term is missing, it may be supplied in accordance with usual, reasonable, and customary practices in the locality. Orange City Hills, Inc. v. Florida Realty Bureau, Inc., 119 So.2d 43 (Fla. 1st DCA 1960); Perri v. Byrd, 436 So.2d 359 (Fla. 1st DCA 1983). Here, the contractor himself testified that it was customary for a contractor to obtain a certificate of occupancy prior to final payment. Furthermore, we note that final payment must be retained by the owner until the contractor furnishes the owner with an affidavit stating that all lienors under his direct contract have been paid in full. § 713.06(3)(d)(5), Fla. Stat. (1983). The contractor's affidavit was not furnished until March, 1984, more than two months after the contractor demanded final payment. Where a contractor breaches a contract by failing to complete an improvement, the owner is entitled to damages for delay in completion measured by its rental value during the period of delay. Marshall v. Karl F. Schultz, Inc., 438 So.2d 533 (Fla. 2d DCA 1983). The owner is entitled to $525 for lost rent.
Because of our holding, the owner is the "prevailing party" under Section 713.29, Florida Statutes (1983). We remand to the trial court for the entry of an appropriate final judgment after a hearing consistent with this opinion and for an award of attorney's fees in favor of the owner.
REVERSED AND REMANDED.
GLICKSTEIN, J., and HURLEY, DANIEL T.K., Associate Judge, concur.