549 So.2d 676 (1989)
Anthony RUSSO and Josephine Russo, His Wife, Appellants,
v.
HEIL CONSTRUCTION, INC., Appellee.
No. 88-1212.
District Court of Appeal of Florida, Fifth District.
June 22, 1989.
As Clarified on Rehearing September 28, 1989.
Rehearings Denied October 2, 1989.
Joseph T. Garlovsky, Daytona Beach, for appellants.
W. James Gooding, III, of Ayres, Cluster, Curry, McCall and Briggs, P.A., Ocala, for appellee.
GOSHORN, Judge.
The controversy at issue concerned two houses built by Heil Construction Company, Inc. (the contractor) for Anthony and Josephine Russo (the homeowners). These houses were referred to as the "main house" and the "guest house". The contractor sued the homeowners for failure to pay and the homeowners counterclaimed for an alleged abandonment of the project before completion, civil theft and damages caused by the delay. We affirm the final judgment entered in favor of the contractor except as to the offset damages attributable to the contractor's completion delay and the portion of the counterclaim relating to civil theft, which we believe merit discussion.
At trial the homeowners testified they were unable to move into the two houses until approximately three months past the date scheduled for completion of construction. They presented expert testimony that the fair market rental values of the main house and guest house were approximately $1500 and $700 per month respectively. The contractor introduced into evidence the lease for the home rented by the homeowners while construction was being completed. That lease provided for a rental payment of $450 per month.
*677 At the conclusion of the trial, the trial judge submitted a worksheet to both parties showing how he arrived at figures to be utilized in the final judgment. The final judgment subsequently entered reflected these figures. The worksheet clearly shows that the homeowners were given an offset against damages awarded to the contractor computed upon the $450 per month lease payments on the home the Russo's rented during the delay period. This was incorrect.
In Florida, where a contractor breaches a contract by failing to complete an improvement, the owner is entitled to damages for delay in completion measured by the reasonable rental value of the improvement during the period of delay. Vanater v. Tom Lilly Construction, 483 So.2d 506 (Fla. 4th DCA 1986) and Marshall v. Karl F. Schultz, Inc., 438 So.2d 533 (Fla. 2d DCA 1983). This principle was recognized by the parties in a pretrial stipulation incorporated into the pretrial order.[1]
The contractor argues that the offset given by the lower court did not represent the lease payment, but was in fact a determination of the rental value of the new homes; thus the final judgment should be affirmed. The contractor contends that the trier of fact is not bound by the testimony of the homeowners' expert witness solely because that testimony is uncontroverted. We agree that the trier of fact may judge the persuasiveness and credibility of the expert's testimony and apply his own knowledge and experience when weighing the expert's opinion. Behm v. Division of Administration, State Department of Transportation, 292 So.2d 437, 441 (Fla. 4th DCA 1974), affirmed 336 So.2d 579 (Fla. 1976). In this case however, because of the trial judge's worksheet, it is clear that he did not simply weigh the expert testimony. Instead the trial judge assessed the homeowners damages based upon the cost of their substitute rental home.
The homeowners next contend that the trial court erred by dismissing their claim under § 812.035(7) Florida Statute (1985),[2] for the civil theft of doors which had been installed and thereby incorporated into the homeowners' property. The contractor did not dispute that he took the doors and acknowledged that they were still in his possession. However, he contends that the claim for civil theft was properly dismissed because of the contractual relationship between the parties. See Rosen v. Marlin, 486 So.2d 623 (Fla. 3d DCA), rev. denied, 494 So.2d 1151 (Fla. 1986). There is no merit in this assertion. We hold that under the facts of this case the taking of the doors was a separate act, distinct from the contractual arrangement between the parties. Under the facts of this case it was error to dismiss the civil theft claim.
The case is therefore remanded to the trial court with instructions to credit the homeowners for an appropriate deduction for the rental value of the improvements under construction, rather than the rental cost of the substitute housing, and for completion of the trial relative to the homeowners' claim for civil theft. Otherwise the judgment is affirmed.
REVERSED in part, AFFIRMED in part and REMANDED with instructions.
DAUKSCH and ORFINGER, JJ., concur.
NOTES
[1] The stipulation and the order incorporating it, provided in pertinent part:

(c) Defendant's damages for breach of contract by plaintiff shall be calculated as follows:
i. damages for delay shall be calculated on the basis of the reasonable rental value of the improvements during the period of delay;
[2] When the cause of action arose the statute, since amended, provided:

(7) Any person who is injured in any fashion by reason of any violation of the provisions of ss. 812.012, 812.037 or 812.081 has a cause of action for three-fold the actual damages sustained and, in any such action, is entitled to minimum damages in the amount of $200. Such person shall also recover court costs and reasonable attorneys' fees in the trial and appellate courts.