**AT & T CORPORATION, a New York corporation, Plaintiff,**

v.

**LANZO CONSTRUCTION CO., FLORIDA, a Florida corporation, and the City of Miami, a Florida municipal corporation, Defendants.**

No. 98–2203–CIV.

United States District Court, S.D. Florida.

June 14, 1999.

Tracy Lyn Gerber, David Paul Ackerman, Ackerman, Link & Sartory, West Palm Beach, Fl, for Plaintiff.

Gregory Scott Glasser, Stephens, Lynn, PH I & I, Miami, Fl, for Defendant.

## ORDER DENYING PARTIAL SUMMARY JUDGMENT

HIGHSMITH, District Judge.

THIS CAUSE is before the Court on Defendant Lanzo Construction Co., Florida's ("Lanzo") Motion for Partial Summary Judgment, filed February 18, 1999. For the following reasons, Lanzo's Motion is denied.

### FACTS

AT & T Corporation ("AT & T") is a telecommunications company which owns underground fiberoptic cables in Miami, Florida. Lanzo is a construction company that was hired to install underground sewer mains for the City of Miami. While working on the installation of a sewer main, Lanzo struck a 20–inch water main causing a major leak and wash out resulting in damage to and failure of one of AT & T's underground fiberoptic cables. AT & T rerouted all calls through its Matrix System when the fiberoptic cable was damaged by Lanzo. Accordingly, AT & T was able to process all of its calls by utilizing other fiberoptic cables in its network.

### STANDARD OF REVIEW

The standard for deciding a motion for summary judgment is set forth in Fed. R.Civ.P. 56(c). "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See* Fed. R.Civ.P. 56(c). In applying this standard, the Eleventh Circuit has stated that the party seeking summary judgment bears the exacting burden of demonstrating that there is no genuine dispute as to any material fact in the case. In assessing whether the movant has met this burden, the courts should view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. All reasonable doubts about the facts should be resolved in favor of the non-movant. *Clemons v. Dougherty County,*

*Ga.,* 684 F.2d 1365, 1368–69 (11th Cir.1982) (citations omitted). Moreover, "the party opposing the motion for summary judgment bears the burden of responding only after the moving party has met its burden of coming forward with proof of the absence of any genuine issues of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

### DISCUSSION

Lanzo's summary judgment motion raises the issue of whether AT & T may recover damages for loss of use of its fiberoptic cable. Lanzo argues that Florida law does not allow for loss of use damages in instances where injury to the property did not result in a total loss, and that AT & T did not suffer a total loss because it was able to reroute its calls through its Matrix System. In the alternative, Lanzo argues that even if AT & T is entitled to loss of use damages, its measure of damages based on reasonable rental value is erroneous.

AT & T disagrees with Lanzo's position and argues that it did, indeed, suffer a total loss of use of the fiberoptic cable and that it is entitled to loss of use damages. AT & T maintains that the mere fact that it was able to reroute its calls through its Matrix System does not negate its right to recover for loss of use in connection with the damaged cable. AT & T further contends that its method of calculating damages, based on reasonable rental value, is correct under Florida law.

Loss of use is recoverable under Florida law. Florida has adopted the Restatement of Torts as the rule of damages applicable to injuries to chattels. *Meakin v. Dreier,* 209 So.2d 252, 253–254 (Fla.2d DCA 1968). Section 928 of the Restatement of Torts provides:

When one is entitled to a judgment for harm to chattels not amounting to a total destruction of value, the damages include compensation for . . . .

(b) loss of use.

Restatement (Second) of Torts § 928 (1979).

Florida law recognizes that a party is entitled to recover loss of use damages even if a substitute chattel is not utilized. *See Meakin,* 209 So.2d at 255 (holding that the plaintiff was entitled to damages for loss of use of a motor vehicle even though a substitute vehicle was not rented); *Finkel v. Challenger Marine Corp.,* 316 F.Supp. 549 (S.D.Fla.1970)(awarding loss of use damages to the owner of a private yacht even though no substitute vehicle was used). Loss of use damages are only recoverable when an owner suffers a complete deprivation of his property. *Schryburt v. Olesen,* 475 So.2d 715, 717 (Fla. 2d DCA 1985).

The crux of the issue in this case turns on whether AT & T suffered a complete loss of its property. In *Schryburt,* the owners of a house which had a severe leak and structural damage sought loss of use damages. The appellate court found that the owners were not entitled to loss of use because they continued to reside in the house and therefore were not deprived of complete use of their property. *Id.*

Lanzo argues that the *Schryburt* case is directly on point. Specifically, Lanzo maintains that AT & T did not suffer a complete loss of its phone system and therefore was not deprived of its property. Lanzo's argument, however, misses the point. AT & T's chattel in the instant case consists of a single fiberoptic cable. AT & T was completely deprived of use of the particular fiberoptic cable. The fact that AT & T was able to reroute calls and utilize other fiberoptic cables in its system is irrelevant because the chattel in question is not the entire phone system. Therefore, the *Schryburt* case is inapplicable and there is no basis for denying AT & T loss of use damages with respect to the fiberoptic cable.

The second issue that must be addressed is whether AT & T's measure of damages is correct. AT & T is seeking to recover the amount that it would cost to rent a fiberoptic cable. Lanzo contends that reasonable rental value is not the proper measure. Lanzo cites *American Telephone and Telegraph v. Connecticut Light & Power Company,* 470 F.Supp. 105 (D.Conn.1979). In that case, the court in applying Connecticut state law held that "the value of use is less than the market rental value, and plaintiff must either proffer evidence of the difference or forego recovery." *Id.* at 109. The court reasoned that the rental value may include an allowance for depreciation as well as for overhead expenses and profits. *Id.* at 109.

*American Telephone and Telegraph* is not persuasive. First and foremost, it is premised upon Connecticut law which explicitly states that rental value will not furnish the measure of damages for loss of use. *See Hawkins v. Garford Trucking Co., Inc.,* 96 Conn. 337, 114 A. 94 (1921). Second, Florida law explicitly provides that loss of use damages are measured by the amount necessary to rent a similar article or other suitable article within which to perform the services usually performed by the damaged article during the period of repair. *Mortellaro & Co. v. Atlantic C.L.R. Co.,* 91 Fla. 230, 107 So. 528 (1926); *Maserati Automobiles, Inc. v. Caplan,* 522 So.2d 993 (3d DCA 1988). Therefore, the Court finds that AT & T's measure of damages is correct under Florida law.

In light of the foregoing, it is

ORDERED AND ADJUDGED that Defendant Lanzo's Motion for Partial Summary Judgment is DENIED.

It is further

ORDERED AND ADJUDGED that Plaintiff's Request for Oral Argument is DENIED.