819 So.2d 925 (2002)
April BOSWELL, Appellant,
v.
Donna RUSSELL, Appellee.
No. 5D01-1566.
District Court of Appeal of Florida, Fifth District.
June 21, 2002.
*926 Matthew P. Farmer and Timothy J. Fitzgerald of Farmer & Fitzgerald, P.A. Tampa, for Appellant.
Jeffrey M. Katz of Dalan & Katz, P.L., Clearwater, for Appellee.
PALMER, J.
April Boswell appeals the final judgment entered in favor of Donna Russell awarding damages for personal injuries incurred by Russell when her vehicle collided on the highway with a bull owned by April Boswell and her husband, Robert Boswell.[1] We reverse the judgment entered against Mrs. Boswell and remand for a new trial on the issue of her negligence because the jury was not allowed to consider her alleged negligence separate and apart from the negligence of her husband.
Donna Russell was severely injured when her vehicle collided with a bull on Highway 98 in Hernando County. Russell filed a negligence suit against Robert and April Boswell, alleging that they owned the bull, that the bull had escaped from their property because their fences were in disrepair, and that they were aware of said disrepair. Russell further alleged that the Boswells' failure to keep the bull fenced was the proximate cause of her injuries.
By way of pretrial motion, Russell's attorney sought to prohibit Mrs. Boswell's attorney from arguing and posing questions to prospective jurors which suggested that Mrs. Boswell's liability might be different from that of her husband, arguing that the husband's knowledge relating to the bull would be imputed to Mrs. Boswell since they jointly owned the bull as well as the property on which the bull was kept. The trial court granted Russell's motion and the matter proceeded to trial. Testimony was presented by Russell as to Robert Boswell's alleged knowledge that his cattle previously had been loose and on the highway; however, no evidence was presented that Mrs. Boswell had any such knowledge and she testified that it was her husband's job to take care of the cattle and she possessed no knowledge, related thereto. Robert Boswell did not appear for trial and thus he failed to present any evidence to rebut Russell's case.
At the conclusion of the testimony, Mrs. Boswell requested that the trial court issue a special verdict form which asked the jury on one line whether Robert Boswell was negligent and on a separate line whether she was negligent. The request was denied and the jury returned a general verdict finding that the Boswells (collectively) *927 were negligent and thus jointly liable to Russell for over $4 million in damages.
Mrs. Boswell appeals, arguing that the trial court erred in denying her request for a special verdict form. We agree.
In Florida, the duty owed by the owners of livestock is defined by the Warren Act as follows:
No owner shall permit livestock to run at large on or stray upon the public roads of this state.
§ 588.14, Fla. Stat. (1999). This duty is not subject to strict liability; see Fisel v. Wynns, 667 So.2d 761 (Fla.1996); Selby v. Bullock, 287 So.2d 18 (Fla.1973); Toole v. Dupuis, 735 So.2d 582 (Fla. 4th DCA 1999), but rather, liability arises only upon a showing of negligence:
588.15. Liability of owner.
Every owner of livestock who intentionally, willfully, carelessly, or negligently suffers or permits such livestock to run at large upon or stray upon the public roads of this state shall be liable in damages for all injury and property damage sustained by any person by reason thereof.
§ 588.15, Fla. Stat. (1999). Thus, under the Warren Act, the mere fact that livestock are present on a public road does not support an inference that the owner intentionally, willfully, carelessly, or negligently permitted them to be there. Instead, such knowledge or negligence must be established. See Beaver v. Howerton, 223 So.2d 62 (Fla. 2d DCA 1969); Welch v. Baker, 184 So.2d 188 (Fla. 1st DCA 1966).
Under Florida law, neither the liability nor the knowledge of one spouse can generally be imputed to the other. In Schryburt v. Olesen, 475 So.2d 715 (Fla. 2d DCA 1985), the Second District explained:
Under Florida law, a wife is not liable for her husband's tort when she has no knowledge of his tortious conduct and does not authorize or participate in the act.
Id. at 716. In that case, Mr. and Mrs. Schryburt were accused of committing fraud when they sold their residence without revealing possible structural defects in the home to the buyer. Judgment was entered against the husband and the wife but on appeal the Second District reversed the judgment against the wife noting that, although there was substantial competent evidence to support the finding of liability against the husband, "there was absolutely no evidence presented at trial to involve [wife] in the transaction." 475 So.2d at 716.
Similarly, in Tout v. Hartford Accident & Indem. Co., 390 So.2d 155 (Fla. 3d DCA 1980), a judgment which was entered jointly against a husband and wife, for damages caused by the wife when she negligently failed to turn off the electric range she was using to prepare the evening meal before leaving the house, was reversed as to the husband. Hartford had argued that the husband was aware of the wife's activities and was negligent by failing to superintend or secure the premises before they jointly left the house. However, upon review, the Third District rejected this argument, holding:
Absent a showing that one spouse has knowledge of the propensities of the other which may give rise to negligence, we think it would be an unwarranted and pernicious rule which imposed liability upon one like [the husband], who is under no legal duty to manage or superintend his wife's preparation of the evening meal. See Restatement (2d) Torts, §§ 308, 314, 315 (1965).
Id. at 156. Applying this case law to the instant facts, evidence that the Boswells' bull was present on the highway was insufficient by itself to hold Mrs. Boswell liable *928 under the Warren Act. Although Russell had submitted evidence establishing that Robert Boswell had been told several times before Russell's accident that his livestock had escaped from his property through areas of the fence which were in disrepair, no evidence was presented that Mrs. Boswell was aware that livestock had previously escaped or that she had any knowledge of the condition of the fences.
Additionally, Mrs. Boswell's ownership by the entireties of both the bull and the real property upon which the bull resided does not dictate a different result. Although Russell could possibly have pled and proven a case against Mrs. Boswell on the basis that she owned the bull and the property, and she knew or should have known of the condition of the fence, Russell chose to plead and present her case as one of negligence based on actual knowledge. Under the Warren Act, Mrs. Boswell's ownership of the bull merely imposed a duty on her to not act negligently so as to allow it to stray upon the public roads. It did not impute her husband's knowledge or negligence to her.
In closing, we note that the principle that spouses who own property as tenants by the entireties necessarily share responsibility for premises liability is inapplicable in this case because Russell's cause of action was not based upon principles of premises liability (the injury not having occurred on the Boswells' premises), but instead upon principles of simple negligence. Also, Russell's argument that Mrs. Boswell waived her arguments by not asserting an affirmative defense of "innocent spouse" is unpersuasive, in that Mrs. Boswell's defense was based on a simple denial of liability, not an affirmative defense.
Since Mrs. Boswell has not challenged the amount of damages which was awarded in this case, but only the fact that the judgment was entered against her without a finding of negligence as to her, the new trial ordered in this matter is limited to the determination of whether Mrs. Boswell negligently suffered or permitted the bull to stray upon the public roads. If a jury so finds, an amended judgment should be entered finding Mrs. Boswell jointly liable with her husband for the full amount of the judgment.[2]
VACATED in part, and REMANDED.
THOMPSON, C.J. and PLEUS, J., concur.
NOTES
[1] Robert Boswell has not filed an appeal in this matter and, accordingly, the judgment is final and enforceable as to him.
[2] Entering separate final judgments as to each spouse would lead to the inequitable result that such separate judgments arising out of the same incident might not be executable against assets owned by the Boswells as tenants by the entireties.