983 So.2d 1203 (2008)
FISHER ISLAND HOLDINGS, LLC, a limited liability company organized under the laws of the State of Florida, Appellant,
v.
Joel COHEN and Rita Cohen, his wife, Appellees.
No. 3D07-144.
District Court of Appeal of Florida, Third District.
May 21, 2008.
Rehearing Denied July 11, 2008.
Greenberg Traurig and Alan T. Dimond and Elliot H. Scherker and Elliot B. Kula, Miami, for appellant.
Hall, Lamb and Hall and Andrew C. Hall, Miami, and Lindsey H. Lamchick, for appellees.
Before GREEN, RAMIREZ, and CORTIÑAS, JJ.
*1204 CORTIÑAS, J.
Joel and Rita Cohen (the "Cohens") sued Fisher Island Holdings, LLC ("Fisher Island") alleging breach of contract arising out of the construction and purchase of their Fisher Island home. The jury awarded the Cohens $708,147 in damages for the delay in construction and $144,000 for alternative living arrangements. Fisher Island appeals the jury's award of damages for alternative living arrangements. We affirm.
The construction of the Cohens' home was to be completed no later than two years from the signing of the Agreement for Sale on December 4, 2002. Thus, the closing should have occurred shortly after December 2004. As a result of substantial delays in construction, sometime in late 2006 the Cohens entered into a nine-month lease ("Lease") in the amount of $144,000 for alternative living arrangements commencing in January 2007 and ending September 2007.[*] During trial, the court granted the Cohens' directed verdict as to liability for the delay in construction, leaving it to the jury to determine the amount of damages the Cohens were to receive.
Fisher Island argues that the jury's award of damages for the delay and alternative living arrangements constitutes impermissible double recovery. We disagree. It is within the province of the jury to determine the amount of damages to be awarded to an aggrieved party. Kaine v. Gov't Employees Ins. Co., 735 So.2d 599, 600 (Fla. 3d DCA 1999). Damages for delay in construction are measured by the rental value of the building under construction during the period of delay. Russo v. Heil Constr., Inc., 549 So.2d 676, 677 (Fla. 5th DCA 1989); Vanater v. TomLilly Constr., 483 So.2d 506, 508 (Fla. 4th DCA 1986).
The jury calculated the delay damages based upon the fair market net rental value of the home and awarded delay damages through December 2006. Fisher Island objected only on grounds that the damages proposed by the Cohens were duplicative. Importantly, Fisher Island never objected to the proper measure of damages and, thus, did not preserve this issue for appeal. Tribble & Stephens Co. v. Consol. Servs., Inc., 744 S.W.2d 945, 949 (Tex.App.1987) ("Appellants failed to raise the issue of an improper measure of damages in the trial court and thus waived review of their complaint."). Damages for alternative living arrangements, based on the Cohens' lease, were awarded from January 1, 2007 through September 2007.
We address the only issue preserved on appeal. While we agree that a party may not receive double recovery for the same breach of contract, we find that the damages awarded did not constitute impermissible double recovery. See Tillman v. Howell, 634 So.2d 268, 271 (Fla. 4th DCA 1994) (stating that recovery for the cost of moving, storage, and living quarters plus an award for the fair rental value of a home under construction constituted double recovery). Because the timeframe for each award of damages did not overlap and there was no double recovery for any one period of time, the damages awarded to the Cohens are not duplicative. Accordingly, we uphold the jury's award of damages for alternative living arrangements.
Affirmed.
NOTES
[*] Fisher Island did not object to this evidence and also did not object to the verdict form allowing damages for alternative living arrangements.