SUAREZ, J.
(concurring in part, dissenting in part).
Once again, I concur in part and respectfully dissent in part from the majority’s opinion on rehearing in this appeal. I join the majority in affirming the trial court’s findings as to the architect’s liability and the damages awarded to redesign and reconstruct the air conditioning system in the new house. I must again respectfully dissent from the majority’s reversal of the trial court’s order on the loss of use claim. I agree with the trial court’s denial of the loss of use damages claim as the claim was not supported by the evidence and the applicable law.
The Homeowner chose to claim rental value of the home as his basis for the loss of use damages.[3] The problem at trial was that the Homeowner’s expert witness testified as to the rental value of comparable residences, but learned for the first time at trial that, in fact, during the time in question the Homeowner was using parts of the property for his own use. The Homeowner kept his boat tied up to the dock behind the house. He stored over $500,000 worth of furniture in the house and stored his cars in the garage. These additional facts — not set forth in the Complaint — came out at trial during the expert’s cross-examination; the Homeowner did not disclose in the Complaint his partial use of the property over the time period for which he claimed a total loss of use. Thus, as the plaintiffs expert witness admitted, the comparable rental values on which he based his opinion were inaccurate. The plaintiffs expert testified that he assumed for purposes of his rental valuation calculations that the entire property *20 would have been available to a prospective renter, including the use of the garage, the boat dock, and unrestricted use of the main residence without use by anyone other than the tenant and his or her guests for the duration of the rental period. He stated at the trial that he was not prepared to give a valuation of the loss of use with those newly presented factors included. The Homeowner did not ask for a continuance when the new information came to light at trial.
The trial court found that the Homeowner failed to prove his claim for damages for total loss of use because the new evidence presented at trial revealed that there was not, in fact, a total loss of use of the property as claimed; and the rental valuations testified to were consequently inaccurate. The trial court correctly stated in its detailed findings of fact and conclusions of law that the expert appraiser’s testimony at trial was
too speculative to be relied upon as a basis for damages in this matter. While there may be adjustments that could be made to the $15,500 per month figure, there was nothing in the record from which those adjustments can be made. The Owner’s claim for loss of use against Mr. Pacheco and the Firm therefore fail because the damages are too speculative and insufficient expert opinion exists to establish same.
The trial court denied the claim for total loss of use, and I agree with that conclusion. To find otherwise, the trial court as the trier of fact would have had to guess at an accurate amount of damages. The majority now remands this case back to the trial judge to do just that: to guess at a damages figure given the same record and based upon the original inaccurate rental valuations, which the finder of fact has stated were “unreliable and too speculative to be relied upon as a basis for damages.”
The majority appears to arrive at its decision that there is sufficient evidence to require the finder of fact to arrive at a dollar amount for loss of use because, as it states, the appraiser’s testimony was supported by a twenty page appraisal admitted into evidence, with maps, photos and detailed description of the three comparable rentals. The problem is, however, once the expert testified that based on the facts that the Homeowner’s house did not have the dock available to the renter, did not have the garage available to the renter, did not have all living quarters available to the renter, and he could not say what a revised valuation could be, that twenty page appraisal was no longer accurate. The expert stated his figures had to be adjusted downward and he was not prepared to do that at trial. Consequently, accurate comparable rental figures for a property with less than a total loss of use were never presented as evidence. The majority does not specify what evidence the trial court is to use for its new calculations.
The majority further bases the reversal on a factual assumption that the missing damage calculation adjustments for the Homeowner’s use of parts of the property during the loss of use period are “not sufficiently large or material to render the estimate insufficient as a matter of law.” A trial court must, however, base its valuation of an asset upon competent substantial evidence. Greer v. Greer, 438 So.2d 535 (Fla. 2d DCA 1983); Novak v. Novak, 429 So.2d 414 (Fla. 4th DCA 1983).[4] In *21 the present case, the court determined that no award could be made because the Homeowner’s expert admitted his data were based on flawed facts and assumptions, that as a result he could not make an accurate rental valuation and that a revised rental valuation would likely decrease. Significantly, the trial court determined that the Homeowner’s expert “did not offer an opinion about the estimated rental value based on the actual, restricted use of the property that would have been available to prospective renters during the presumed rental period.” Which is to say, the facts necessary to an accurate rental valuation do not exist in this record. See Smith v. Austin Dev. Co., 538 So.2d 128, 129 (Fla. 2d DCA 1989) (finding testimony that $15,000 would be a “fair assessment” or “good gauge” of expense of restoration of leased premises recoverable against lessee was insufficient to satisfy “reasonable certainty” test for damage award against lessee, holding that damages cannot be based upon speculation or guesswork, but must have some reasonable basis in fact). Where there are no facts to support a. financial conclusion, that conclusion must fail. Nowhere in this record is there any evidence that the “missing [downward rental valuation] adjustments are not sufficiently large or material to render the [original, unadjusted] estimate insufficient as a matter of law.” Even if it were an issue of law, there is still no evidence in the record upon which this conclusion could be drawn. To comply with the majority’s directive the trial court will be engaging in speculation as to the adjusted amount of damages, contrary to established law. “Damages cannot be based upon speculation or guesswork, but must have some reasonable basis in fact.” Id. at 129.
The majority relies on two cases to support its opinion that the expert’s testimony was sufficient to warrant an award of damages: State Road Department v. Falcon Inc., 157 So.2d 563 (Fla. 2d DCA 1963), and Florida Department of Transportation v. Armadillo Partners, Inc., 849 So.2d 279 (Fla.2003). Neither of the cases is applicable to the issue in the present appeal. In Falcon, an eminent domain case, experts for both sides testified as to the value of property taken and used compara-bles to arrive at their valuation opinions. Neither expert considered in their valuation assessments a particular land transaction in the area which took place after the date of taking. This evidence was brought out at trial, the jury was apprised of the details of the transaction, including the amount involved. The trial court then granted a new trial based on its conclusion that the petitioner’s expert failed to properly evaluate the one post-taking transac *22 tion in its property valuation opinion. The appellate court reversed the trial court, and remanded the issue consistent with the jury verdict based on the substantial record evidence to support the verdict. The Second District concluded the expert’s failure to consider the post-taking land deal in the valuation was not grounds to exclude the testimony but went to the weight of the evidence. Unlike Falcon, in the case before us the trial court did not exclude the expert’s .valuation testimony, but weighed it and found it lacking in sufficient data to support a less-than-total loss of use rental valuation. Unlike Falcon, there was no record evidence presented by the Homeowner’s expert of the value of a partial loss of use rental.
In Armadillo, another eminent domain case, the Florida Supreme Court reversed the District Court’s decision to strike the expert witness’s opinion testimony, stating “an appraiser’s opinion may be subject to impeachment or to having its weight reduced because of its failure to properly consider one of the many factors that may influence an opinion as to value, but that failure should' not prevent the opinion’s admission, nor cause its complete exclusion from the jury’s consideration.” Armadillo, 849 So.2d at 287-88 (Fla.2003). Again, in the case before us, the trial court did not strike the testimony of the expert witness, but as finder of fact, weighed the evidence presented. In the case before us, the Homeowner’s expert’s testimony as to what he believed the rental value to be based on a total loss of use — without the additional facts of partial loss of use — was thus inadequate to enable the trial court to make a fair monetary determination, and the trial court correctly found that the Homeowner had not proven damages for total loss of use. See Trailer Ranch v. Levine, 523 So.2d 629 (Fla. 4th DCA 1988) (reversing damage award where the evidence of loss of business was insufficient to support that aspect of the jury verdict and judgment awarding damages); Ross v. Bandi, 566 So.2d 55 (Fla. 4th DCA 1990) (reversing where the record reflected that appellant’s expert accountant could not determine the corporation’s value because the books that she needed to make this valuation were not made available to her).
The expert’s evidence was competent as far as valuing a total loss of use, but he was unable to present any comparable valuation data for a partial loss of use. As a result, the trial court was unable to determine with any certainty what the revised rental comparable would be, however great or small, as a result of the owner’s use of certain aspects of the house.[5] The Homeowner’s expert’s testimony was admittedly based on incorrect assumptions and facts. The Homeowner proved damages for loss of use of a much larger space than actually existed during the timespan sued for. He should not be overpaid for what the record shows is an admittedly flawed loss of use *23 rental valuation. The trial court had, and will have on remand, no evidence, no data, no hard numbers in the record to even guess at what damages figure would prove “not sufficiently large or material to render the [original] estimate insufficient as a matter of law.” For this reason, I respectfully dissent, and would, affirm the trial court’s detailed and well-reasoned decision on this issue.

. Loss of use is recoverable under Florida law. Loss of use damages are only recoverable, however, when an owner suffers a complete deprivation of use of his property. Schryburt v. Olesen, 475 So.2d 715, 717 (Fla. 2d DCA 1985); AT & T Corp. v. Lanzo Const. Co., Fla.; 74 F.Supp.2d 1223, 1224-25 (S.D.Fla.1999). In Schtyburt, the Court stated that
Second, the court awarded $57,722 for loss of use from February 1980 through December 1983, based upon expert testimony of the cost of renting a similar home for that period of time. Appellees continued to reside in the home throughout most of this time period. We recognize that in order to recover for loss of use it is not necessary to actually obtain comparable property. See Meakin v. Dreier, 209 So.2d 252 (Fla. 2d DCA 1968), and Alonso v. Fernandez, 379 So.2d 685 (Fla. 3d DCA 1980). However, in both Meakin and Alonso, the plaintiff was deprived of complete use of the property, thus distinguishing those cases from the case before us. In our case, there was no such deprivation of complete use of the property. We hold that the court erred in awarding damages for loss of use in these circumstances. This item is also stricken from the award.
Schryburt, 475 So.2d at 717. Here, the plaintiff Homeowner did not set forth in the initial pleading all facts necessary to support the issue of total loss of use. The defendant was thus precluded from the outset from asserting any affirmative defense of set-off or adjustment.

. See Florida Ventilated Awning Co. v. Dickson, 67 So.2d 215 (Fla.1953) ("Before damages may be awarded, there must be evidence authorizing or justifying award of a definite amount.''); Berwick Corp. v. Kleinginna Inv. Corp., 143 So.2d 684 (Fla. 3d DCA 1962) ("It is well established that before damages may be awarded, there must be evidence authoriz- *21 mg or justifying the award of a definite amount."); Kennedy & Ely Ins., Inc. v. Am. Emp'rs Ins. Co., 179 So.2d 248 (Fla. 3d DCA 1965) (“holding that before damages may be awarded there must be evidence authorizing or justifying the award of a definite amount, which cannot be predicated upon pure speculation.”); United Steel & Strip Corp. v. Monex Corp., 310 So.2d 339 (Fla. 3d DCA 1975) (“It is incumbent upon a plaintiff in a trial court to present evidence to justify an award of damages in definite amount. Damages are recoverable only to the extent that the evidence affords a sufficient basis for estimating an amount in money with reasonable certainty.”); Hunt v. Dorsey Young Const., 385 So.2d 732 (Fla. 4th DCA 1980) ("Evidence as to amount of damages cannot be based on speculation or conjecture, but must be proven with certainly."); Camper Corral, Inc. v. Perantoni, 801 So.2d 990 (Fla. 2d DCA 2001); Taylor v. Lee; 884 So.2d 222 (Fla. 2d DCA 2004) ("[it] is incumbent upon the party seeking damages to present evidence to justify an award of damages in a definite amount”); Fisher Island Holdings v. Cohen, 983 So.2d 1203 (Fla. 3d DCA 2008) (holding it is in the province of the finder of fact to determine the amount of damages).

. The majority asserts the trial court stated that “the appraiser purportedly admitted that there was no market for the subject property,” but this is a misstatement of the record and Order on appeal. The Order states that the expert,
"further admitted that if he assumed the property was in partial use during the period, he would have to revise the rental value downward, at the least, and may not be able to opine there was a market at dll, ... or if a market existed for the rental of a single family residence in which the renter could not (i) make use of the garage because the landlord's cars were stored there, (ii) make use of the dock because the landlord's large boat was stored there, (iii) make use of their own furniture within the residence because the landlord’s furniture was stored there ... and that the expert would have to conduct additional research and analysis to form an opinion about the reasonable rental value, if any, during the period in question.” [e.s.].